### STATE OF NEBRASKA V. HOWARD PAUL.

FILED OCTOBER 20, 1898.   No. 10011.

1. **Physicians:** PRACTICE IN VIOLATION OF STATUTE.   Under section 16, article 1, chapter 55, Compiled Statutes, any person not within the exceptions prescribed by said article and not having complied with its requirements as to certificates and registration, who shall for a remuneration operate on, profess to heal, or prescribe for, or otherwise treat any physical or mental ailment of another, is liable to the penalties of said section, although the operations were performed and the medicines were administered and given under the direction and charge of a licensed physician and surgeon.

2. ———: ———.   To make one liable to the penalties of said section it is not essential that at or before the treatment of the sick he represented, claimed, or advertised himself to be a regular, legal, or competent practitioner of medicine.

EXCEPTIONS to rulings of the district court for Lincoln county, GRIMES, J., presiding.    Filed in the supreme court under the provisions of section 515 of the Criminal Code.    *Exceptions sustained.*

*J. G. Beeler,* for exceptions.

*Neville & Parsons, contra.*

NORVAL, J.

In an information filed in the district court of Lincoln county Howard Paul was charged in eight counts with unlawfully practicing medicine and surgery without a license, in violation of section 16, article 1, chapter 55, Compiled Statutes. Upon the trial he was acquitted. Exceptions were taken by the county attorney to certain instructions, and he has brought the case to this court under the provisions of section 515 of the Criminal Code.

At the trial it was admitted that the defendant was not a registered physician, and that he had never been admitted to practice medicine. It was established that one Dr. Bedell, a duly registered physician and surgeon, had an office in North Platte and practiced his profession in Lincoln county for two years; that he was assisted in his work by Charles Thorpe,—called "Dr. Thorpe" by the witnesses, although not shown to have been a registered physician,—and the defendant; and that the three operated jointly, and all remuneration for their services was divided among them equally, each receiving one-third. Evidence was introduced tending to show that while Paul assisted in the performance of surgical operations and administered remedies to the sick and infirm, he did so under the directions of Dr. Bedell, a regular licensed and registered physician and surgeon. The state likewise produced evidence conducing to establish that the defendant treated patients without instructions from Dr. Bedell and in his absence. The defendant tendered the following instruction, which was given: "The court instructs the jury that before the defendant can be legally found guilty of the offense charged, the jurors must be satisfied from the evidence, beyond a reasonable doubt, that the defendant did operate on, profess to heal, or prescribe for some one of the patients mentioned in the information, or that he treated them, or some one of them, for a mental or physical ailment as a practicing physician; and the court

further instructs the jurors that a person not a physician or surgeon who gives or applies medicines in quantities or in a manner as directed by a licensed physician in charge of the patient, or who assists a licensed surgeon in charge of an operation and only does what the surgeon in charge directs him to do, is not, by reason of such acts, practicing medicine or surgery in violation of law."

In the fifth instruction given by the court on its own motion it is stated: "The defendant has admitted upon the witness stand that he has not procured such required certificate from the state board of health, and the court instructs you that this admission removes from your consideration the question of the defendant having procured and registered such certificate, and the remaining question for you to consider and determine is whether the state has shown by evidence, to your satisfaction, beyond a reasonable doubt, that the defendant, at the time or times in the information charged, was engaged in the practice of medicine,—that is, that he operated upon the person or persons mentioned in the information upon his own account,—profess to heal any of said persons, or otherwise treated any physical ailments of any of said persons named in the information; that is, that the defendant so operated, professed to heal, prescribed for, or treated said persons, representing, claiming, or advertising himself to be a regular, legal, or competent practitioner of medicine; and if you do so find from the evidence, to your satisfaction, beyond a reasonable doubt, you will then find the defendant guilty, and name in your verdict the count or counts in the information you so find him guilty."

Instruction No. 6 contains the following: "The court further instructs the jury that although you may find from the evidence that the defendant assisted in the operations and treatments of the persons named in the several counts in the information contained, or that he administered medicines to such persons, or any of them,

yet, if the assistance rendered and the medicines administered were done and given under the direction and charge of a licensed physician and surgeon and not upon the prescription or under the direction of the defendant, you will find the defendant not guilty."

Exceptions were taken by the prosecutor to, and complaint is now made of, the giving of the foregoing portion of the charge of the court in this case. It is argued that said instructions are erroneous in that they authorized and required an acquittal in case the jury found that defendant's acts were performed under the direction and instructions of a registered physician and surgeon, and that the court in its charge excepted from the operation of the statute persons not within the contemplation of the framers of the law.

Section 16, article 1, chapter 55, Compiled Statutes, declares: "Any person not possessing the qualifications for the practice of medicine, surgery, or obstetrics, required by the provisions of this act, or any person who has not complied with the provisions of this act, who shall engage in the practice of medicine, surgery, or obstetrics, or any of the branches thereof in this state, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than fifty ($50) dollars nor more than three hundred ($300) dollars, and costs of prosecution for each offense, and shall stand committed until such fine and costs are paid." Section 17 of the same article and chapter defines practitioner of medicine and surgery in the following language: "Any person shall be regarded as practicing medicine within the meaning of this act who shall operate on, profess to heal or prescribe for, or otherwise treat any physical or mental ailment of another. But nothing in this act shall be construed to prohibit gratuitous services in case of emergency, and this act shall not apply to commissioned surgeons in the United States army and navy, nor to nurses in their legitimate occupations, nor to the administration of ordinary household remedies." It will be

observed that the legislature, by the foregoing provisions, has excepted from the operation of the law persons belonging to any one of the classes designated in the act, and the only proper inference to be drawn is that any person other than a registered physician or surgeon not embraced in one of such classes who shall "operate on, profess to heal or prescribe for, or otherwise treat any physical or mental ailment of another," is, on conviction, subject to the penalties prescribed by said section 16 already quoted. (*State v. Buswell*, 40 Neb. 158.) We think the court in its instructions excepted from the force and effect of the statute persons not within the meaning of the law. Under the instructions the jury were fully warranted to acquit the defendant if he applied the remedies under the directions of a licensed physician in charge of a patient, or if the defendant merely assisted a licensed surgeon in performing an operation and did that which such surgeon directed him to do, notwithstanding the defendant received one-third of the remuneration paid for such treatment or operation. The statute will not bear the interpretation the trial court has placed upon it. A person not being a registered physician, nor acting gratuitously under an emergency, nor being a commissioned surgeon in the army or navy of the United States, nor being in the occupation of a nurse, nor administering usual or ordinary household remedies, who for a remuneration treats any physical or mental ailment of another, is within the condemnation of the statute, even though he acted under the directions of a registered physician. Any other interpretation would do violence to the language employed by the legislature. The construction adopted by the trial court would protect one not a registered surgeon in the amputation of the limb of another, in case the operation was guided by the instructions of a registered surgeon. Such interpretation would nullify and defeat the beneficent object of the law.

The fifth instruction is faulty, in that it makes the rep-

resentation, claiming, or advertising of the defendant "to be a regular, legal, or competent practitioner of medicine" an essential element of the crime, while the statute contains no such ingredient of the offense of illegal practice of medicine. Under this instruction, if the defendant did not advertise himself to be a regular, legal, or competent practitioner of medicine, there could be no conviction, though he was not at the time a registered physician, and had performed all the acts charged in the information prohibited by the statute. The exceptions of the county attorney are sustained.

EXCEPTIONS SUSTAINED.