Opinion.

---

## Richmond.

### Watts v. Commonwealth.

#### January 24, 1907.

1. CRIMINAL *Law—License—Labor Agent—What Constitutes.*—An agent who in good faith employs laborers for his principal (whether a corporation or natural person) is not a labor agent within the meaning of the revenue laws of this state declaring "any person who hires or contracts with laborers, male or female, to be employed by persons other than himself, shall be deemed to be a labor agent," and requiring a license therefor. The purpose of the statute is to reach a class of persons who, for compensation, conduct the business of employing laborers for other persons, with respect to whom they bear no other contractual relation.

2. TAXATION—*Statutes Construed Strictly.*—Laws imposing a tax are construed strictly, and most strongly against the state and in favor of the citizen.

Error to a judgment of the Corporation Court of the city of Danville, imposing a fine on the plaintiff in error.

*Reversed.*

The opinion states the case.

*Daniel & Harper,* for the plaintiff in error.

*Attorney-General William A. Anderson,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the Court.

This writ of error is to a judgment of the Corporation Court of Danville, convicting the plaintiff in error, Albert Watts, of

conducting business as a labor agent in that city without a license.

The prosecution was had under section 128 of the Tax Bill, which reads: "Any person who hires or contracts with laborers, male or female, to be employed by persons other than himself, shall be deemed to be a labor agent; and no person shall engage in such business without having first obtained a license therefor. Every person who shall without a license conduct business as a labor agent shall pay a fine of not less than one hundred dollars nor more than five hundred dollars." Appendix, Virginia Code (1904), page 2247.

The following are the agreed facts in the case: The Nave Ryan Curtis Construction Company is a corporation chartered under the laws of the state of Ohio, and duly licensed to conduct its business of general contracting in this state. The company is engaged upon construction work for the Southern Railway Company's new double track line in Pittsylvania county. Watts was employed by the company as a day laborer on its work, and rendered such service as was required of him, including the manual labor commonly performed by that class of employees on work of similar character. The exigencies of the operation demanding additional labor, Watts was sent to Danville by his employer to secure it. He had succeeded in hiring several laborers for the company, and was endeavoring to induce others to enter its service when he was arrested, prosecuted and convicted of an alleged violation of section 128, *supra.*

It thus appears that the single question presented by the record for our determination is whether or not the plaintiff in error was engaged in the business of a labor agent within the meaning of the foregoing statute, it being admitted that he had no license.

We have no difficulty in resolving that question in the negative. Indeed, it would seem clear that nothing more can be predicated of the transaction than that it constituted a hiring of

laborers by the Construction Company, the principal, through the medium of its own agent, for the lawful prosecution of its business. The case is controlled by the maxim *"Qui facit per alium, facit per se* (Broom's Max. 818) ; a failure to observe which, in such case, would impose impossible restrictions upon corporations and natural persons throughout the Commonwealth, whose businesses necessitate the employment of large numbers of laborers. Corporations must of necessity act through agents; and it is wholly impracticable for individuals engaged in large affairs personally to hire laborers to carry on their work. If the doctrine contended for were maintained, contractors and others of that class would be compelled either to rely on labor agents to secure necessary labor or else go out of business. It cannot be inferred that the Legislature, if within its competency, intended to place such unreasonable limitations upon these essential factors in the internal improvement of the state. The purpose of the statue is to reach a class of persons, who, for compensation, conduct the business of employing laborers for other persons, with respect to whom they bear no other contractual relation; but it can have no application to a principal (whether a corporation or natural person) who, in good faith, employs such laborers for his own service by means of his own employee. In such case, under the maxim referred to, the acts of the agent are the acts of the principal.

The differentiating features between the two transactions of hiring laborers by labor agents and by one's own agent may be illustrated by the instances of a purchase of real estate through a real estate agent, whose business it is to negotiate sales for anyone who may choose to engaged his services, with whom and his patron no other contractual relation exists, on the one hand, and a purchase by a principal, through his own private agent, on the other. From the former the state exacts a license, but not from the latter. In our opinion the statute in question is plainly not susceptible of the interpretation placed upon it by the trial court; but even if it were of doubtful import, being

a law imposing a license tax, upon familiar principles, it would have to be construed strictly, and most strongly against the state and in favor of the citizen. *Planer Co.* v. *Flournoy,* 88 Va. 1029, 14 S. E. 976; *Supervisors* v. *Tallant,* 96 Va. 723, 726, 32 S. E. 479; *Brown's Case,* 98 Va. 366, 370, 36 S. E. 485; *Standard Oil Co.* v. *Com'th,* 104 Va. 683, 52 S. E. 390.

For these reasons the judgment must be reversed.

*Reversed.*