STATE *vs.* G. HERMAN LAWSON, *alias* LAWSON HERMAN.

*Criminal Law—Indictment for Practicing Medicine Without a
License—Statute; Construction of—Prescribe Remedies;
Meaning of—Treatment by one or by another under
his direction,—For fee or Reward.*

1. The defendant, under indictment for practicing medicine without a license, relied on the defence that he treated his patients personally by hypnotism and massage, without prescribing any remedies, and that such treatment was not in violation of the statute. *Held* that to "prescribe" remedies is to write or to give medical directions, to indicate remedies. It is not necessary that such prescription should be in writing. It may be given or indicated verbally. Any direction given to the patient for drugs, medicines, or other remedies, for the cure of bodily diseases, directing how they are to be applied to or used by the patient, is a prescription within the meaning of the statute. And it makes no difference whether the direction is given by the defendant himself, or by another person, even though such other person be a licensed physician engaged by and acting under the control and direction of the defendant.

(*April* 1, 1908.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Daniel O. Hastings*, Deputy Attorney-General, for the State.

*J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, March Term, 1908.

INDICTMENT for practicing medicine without a license (No. 79, September Term, 1906).

LORE, C. J., charging the jury:

Gentlemen of the jury:—The defendant is charged with practicing medicine without a license.

Under the statutes of this State, it is a misdemeanor for any person to engage in practicing the profession of medicine, within the limits of this State, without first having obtained a license therefor. The persons classed by the statute as physicians are designated as follows:

"Every person (except apothecaries) whose business it is for fee and reward to prescribe remedies or perform surgical operations for the cure of any bodily disease or ailing, shall be deemed a physician or dentist as the case may be, within the meaning of this act." (*Rev.. Code*, 58.)

The defendant does not contend that he had a license to practice medicine, but relies on the defense that he treated his patients personally by hypnotism and massage, without prescribing any remedies, and that such treatment is not in violation of the statute.

Your inquiry then is, did the defendant for fee or reward *prescribe remedies* or perform surgical operations, for the cure of any bodily disease or ailing in this County within two years next before the finding of this indictment.

It is the duty of the Court to instruct you as to the meaning of the word *prescribe* remedies used in the statute.

In medicine to "prescribe" remedies is defined to be "to write or to give medical directions; to indicate remedies." It is not necessary that such prescription should be in writing. It may be given or indicated verbally. Any direction given to the patient for drugs, medicines, or other remedies, for the cure of bodily diseases, directing how they are to be applied to or used by the patient, is a prescription within the meaning of the statute.

It would make no difference whether the direction was given by the defendant himself or by another person, even though such other person be a licensed physician engaged by and acting under the control and direction of the defendant in that particular in the conduct of his business.

*State vs. Paul*, 56 *Neb.* 369 (76 *N. W.* 861); *Benham vs. State*, 116 *Ind.* 112 (18 *N. E.* 454); *In re Baundles Will*, 102 *Wis.* 45 (78 *N. W.* 169); *O'Neil vs. State*, 3 *L. R. A. (New Series)* 762 (*Tenn.*).

Should you therefore be satisfied from the evidence, beyond a reasonable doubt, that the defendant, within two years next before the finding of the indictment, in this County, did for fee and reward, either by himself or by another in his employ or under his direction, engage in the business of prescribing remedies for curing bodily diseases or ailings, your verdict should be guilty.

If you are not so satisfied, it should be not guilty.

If the defendant is innocent of the crime charged in the indictment, you should acquit him. On the other hand if he is guilty it is your duty to convict him. The laws of our State are designed to protect the community and especially that portion of it which by reason of sickness and disease is peculiarly subject to imposition.

Verdict, guilty.