## HORACE L. WILSON v. STATE.

No. A-1429.  Opinion Filed January 13, 1913.

(129 Pac. 82.)

1. PHYSICIANS AND SURGEONS—Practicing Without Authority —Failure to Record License.  A person who has been regularly licensed to practice medicine in this state, and who has failed to record the certificate issued to him by the board having jurisdiction to issue licenses under the laws of this state in the county in which he resides and maintains a place of business, can not be convicted under section 4256, Comp. Laws 1909, for practicing medicine without a license, but is subject to prosecution under section 4252, Id., for failure to record his license in said county.

2. SAME—Criminal Prosecution—Evidence.  A certificate to practice medicine in this state issued by the state board having jurisdiction to issue same, properly authenticated and under the seal of said board, is entitled to be received in evidence when tendered on behalf of a person who is on trial charged with practicing medicine without authority, and such certificate when bona fide is a complete defense to a prosecution based on section 4256, Comp. Laws 1909.

(Syllabus by the Court.)

*Appeal from Woodward County Court;*
*C. H. Wyand, Judge.*

Horace L. Wilson was convicted of practicing medicine without a license, and appeals.  Reversed, with directions to grant a new trial.

*Fred M. Elkin* and *George W. Buckner,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., and *Jos. L. Hull,* Sp. Asst. Atty. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error, Horace L. Wilson, was tried and convicted in the county court of Woodward county on an information charging him with practicing medicine in said county without having at the time a valid and unrevoked certificate from the state board of medical examiners of the state of Oklahoma.  The information is based upon section 4256, Compiled Laws 1909, which is as follows:

"Any person practicing medicine and surgery in this state, without having at the time a valid unrevoked certificate as provided in this act, shall be deemed guilty of a misdemeanor and shall be fined not less than one hundred ($100) nor more than five hundred ($500) dollars, or by imprisonment for a term of not less than sixty days nor more than one hundred and eighty days, or both such fine and imprisonment, and each day's practice shall constitute a separate offense. * * *"

The punishment of the accused was fixed by the jury at a fine of $200 and imprisonment in the county jail for a period of 20 days.

A number of assignments of error are brought. Among others, it is urged that the court erred in refusing to admit in evidence a certificate issued to accused in 1907 by the state board of health, which certificate is as follows:

"State of [Great seal of the state of Oklahoma 1907.] Oklahoma. Physician's Certificate. No. 2,115. This certifies that the Oklahoma state board of health having received evidence that Horace L. Wilson, of the county of Woodward and state of Oklahoma, is a practitioner of medicine, legally licensed and actively engaged in the practice of medicine on the 16th day of November, 1907, and has submitted such evidence to this board this 10th day of April, 1908. We do hereby authorize him under the provisions of the Oklahoma Constitution regulating the practice of medicine and surgery, approved November 16, 1907, to pursue the practice of medicine and surgery in this state. Given under our hands and the seal of the Oklahoma state board of health at Shawnee, this 10th day of April, in the year of our Lord one thousand nine hundred and eight. W. G. Gilly, M. D. President, Muskogee, Oklahoma. A. E. Davenport, M. D. Vice President, Tishomingo, Oklahoma. J. C. Mahr, M. D. Supt. and *Ex Officio* Secy. Shawnee, Oklahoma. [Seal.]"

The following are the indorsements thereon:

"2410. State of Oklahoma, Harper County—ss.: This instrument was filed for record on the 3rd day of June, A. D. 1908, at 9 o'clock A. M., and duly recorded in Book 1, Misc., on page 84. W. H. Little, Register of Deeds. [Seal.]

"2:15 P. M. p. 13. Pawnee, Oklahoma. Filed June 1, 1909. Frank Shoemaker, County Clerk. Recorded page:——, Book ——, Fees 50 cents Pd.

"State of Oklahoma, County of Craig—ss.: This instrument was filed and recorded in this office in Physician's Register

at page 13, this 9th day of June, 1909, at 2:15 o'clock P. M. R. F. Nix, County Clerk.

"Filed Oct. 9, 1909. J. H. Donart, County Clerk, Payne County. [Seal.] Recorded on page 10, Medical Register No. 1. Fee Paid $1.00.

"State of Oklahoma, Pottawatomie County—ss.: This instrument was filed for record this the 18th day of Oct. A. D. 1909, at 10 o'clock A. M., and is duly recorded in Book 1, of ——, page 45. Fee 75 cents. J. F. Cottell, County Clerk, by F. L. Cottell, Deputy. [Seal.)"

This certificate is under the seal of the state board of health, and is from the board which at that time had or was exercising jurisdiction to grant licenses to practice medicine in this state under the constitutional provisions and the statutory law. The certificate should have been admitted, and, when admitted, was a complete defense by the accused to the charge contained in the information. It clearly appears that the accused had not recorded this certificate in Woodward county. Section 4252, Comp. Laws 1909, provides as follows:

"Every person holding a certificate authorizing him to practice medicine and surgery in this state, must have it recorded in the office of the county clerk, as herein provided. Every such person on the change of residence must have his certificate recorded in like manner in the county to which he shall have changed his residence, and said certificate shall be displayed in his office as evidence of having complied with the law. The absence of such record shall be *prima facie* evidence of the want of possession of such certificate, and every such person holding such certificate who shall practice medicine and surgery or attempt to practice medicine and surgery without first having recorded same with the county clerk, as herein provided, shall be deemed guilty of a misdemeanor."

The accused should have been prosecuted under this section of the statute, and had this been done, and a conviction resulted, no relief could have been had in this court upon the ground set out in the petition in error. We do not deem it necessary to consider the other assignments.

For the error indicated, the judgment is reversed and the cause remanded with directions to grant a new trial.

FURMAN, P. J., and DOYLE, J., concur.