O. O. GOBIN *et al.* v. STATE.

No. A-1484. Opinion Filed April 19, 1913.

(131 Pac. 546.)

1. PHYSICIANS AND SURGEONS—Practicing Without Authority—Defense—Accessory. (a) On the prosecution of a person charged with violating the medical practices act on the ground that he does not possess an unrevoked, valid certificate from the state board of medical examiners, the production at the trial and the introduction in evidence of such certificate is a complete defense to such charge.

    (b) The foregoing rule, however, is not intended to, and does not, protect such person from prosecution if he aids and abets another to violate the medical practices act in so far as his connection with such other unauthorized person is concerned.

2. SAME. A person who does not possess a valid, unrevoked certificate from the state board of medical examiners is not entitled to practice medicine under the laws of this state, except in emergencies and such other cases as are specifically exempted by the statute. And this is true even though he worked with or under the directions of a duly authorized practitioner; and it is immaterial whether he works for a fee, percentage, or on a salary.

3. SAME—Defenses—Accessory. (a) A physician who is authorized under the laws of this state to practice medicine has no more right to aid one who is not properly authorized to evade the law than such unauthorized person has to act on his own responsibility.

(b)  The medical practices act, as well as all other laws of this state, was enacted to be observed and enforced and not to be evaded and violated.

(Syllabus by the Court.)

*Appeal from Marshall County Court;*
*J. W. Falkner, Judge.*

O. O. Gobin and R. W. Freeman were convicted of violating the medical practices act, and they appeal. Affirmed.

*Cruce & Potter,* for plaintiffs in error.
*Chas. West,* Atty. Gen., for the State.

ARMSTRONG, P. J. Informations were filed against the plaintiffs in error, O. O. Gobin and R. W. Freeman, in the county court of Marshall county, in two cases, charging them with practicing medicine without license. They were convicted in both cases and a fine of $250 and 60 days' imprisonment imposed on each as the punishment in each case.

Much testimony was introduced on behalf of the state, but for the purpose of this opinion it is only necessary to consider the testimony introduced by the plaintiffs in error. The plaintiff in error Gobin admitted that he had no license to practice medicine in Oklahoma; that he was in the employ of R. W. Freeman on a salary; that he was practicing medicine as the assistant of said Freeman; was collecting fees for his services and paying them over to Freeman. The plaintiff in error Freeman in his defense introduced a certificate from the state board of medical examiners authorizing him to practice medicine and surgery in this state. He testified also that Gobin was in his employ on a salary; that Gobin was practicing medicine under his directions and receiving fees therefor which were turned over to him.

There is no question but that Gobin's conviction was entirely proper, and the judgment as to him should be affirmed. In *State v. Paul,* 56 Neb. 369, 76 N. W. 861, the Supreme

Court of Nebraska, having under consideration the proposition here involved, says:

"A person not being a registered physician, nor acting gratuitously under an emergency, nor being a commissioned surgeon in the army or navy of the United States, nor being in the occupation of a nurse, nor administering usual or ordinary household remedies, who. for a remuneration treats any physical or mental ailment of another, is within the condemnation of the statute, even though he acted under the directions of a registered physician."

The statute being construed by the Nebraska court is similar to ours; the purpose being the same.

The plaintiff in error Freeman, however, had the required certificate, and so far as his own acts are concerned independent of Gobin he cannot be convicted. Among other instructions the trial court gave the following:

"The court further instructs you, gentlemen of the jury, that if you find beyond a reasonable doubt that the defendants R. W. Freeman and O. O. Gobin entered into an agreement by the terms of which the said R. W. Freeman signed up prescriptions in blank to be used by the said O. O. Gobin in the absence of the said R. W. Freeman, by filling in said prescriptions over the name of the said R. W. Freeman, and prescribing medicines for patients for a compensation, and that pursuant to said agreement between the said R. W. Freeman and O. O. Gobin the said R. W. Freeman did leave prescriptions signed in blank by him for the said O. O. Gobin, and did authorize the said O. O. Gobin to receive patients in his absence and to treat and prescribe for such patients for a compensation, from said patients to O. O. Gobin, or to R. W. Freeman, or to both O. O. Gobin and R. W. Freeman, and that the said O. O. Gobin did receive patients for treatment in the absence of the said R. W. Freeman and did prescribe for them, for a compensation, going to him or to the said R. W. Freeman, or to both him and the said Freeman, and you further find beyond a reasonable doubt, that the said O. O. Gobin did not have the certificate required by law to practice medicine and surgery, then it will be your duty to find both the said defendants, R. W. Freeman and O. O. Gobin, guilty, although you do find from the evidence that the

said R. W. Freeman did have a valid certificate from the proper state authorities to practice medicine and surgery."

This instruction warranted the jury in finding the plaintiff in error Freeman guilty in case Gobin did not have a certificate to practice medicine in this state as provided by law even though Freeman had one if they should find further that Freeman was aiding and abetting Gobin.

Section 2045, Comp. Laws 1909 (Rev. Laws, 2104), provides as follows:

"All persons concerned in the commission of a crime, whether it be a felony or a misdemeanor, or whether they directly committed the act that constituted the offense or aided and abetted in its commission though not present, are principals."

Under this statute the plaintiff in error Freeman, if he aided and abetted Gobin in a violation of the medical practices act, would be guilty and subject to punishment not because he (Freeman) did not have a license to practice, but because Gobin did not have, and because he (Freeman) aided and abetted Gobin in the commission of the offense. It is not contended that Freeman did not know Gobin was without authority to practice medicine in this state.

The only doubtful question that presents itself to the writer of this opinion in connection with this case is: Did the jury find Freeman guilty of practicing medicine without a license, or did they find him guilty of aiding and· abetting Gobin in practicing without a license? The law and instructions of the court properly applied to the facts are such that the jury would not have been warranted in finding Freeman guilty of practicing without a license. As said by this court in *Wilson v. State,* 8 Okla. Cr. 493, 129 Pac. 82, an unrevoked certificate issued by the state board of medical examiners is a complete defense to a charge of practicing medicine without license in this state. That being true, it was the duty of the jury to acquit Freeman in so far as his own acts independent and apart from participating with Gobin were concerned, and a conviction upon that ground would have to be reversed by this court. Under

the instruction of the court quoted *supra* and the facts, however, the jury were authorized and fully warranted in convicting Freeman of aiding and abetting Gobin in case they found from the facts that Gobin did not have a certificate or license to practice medicine in this state. As said above, Gobin's conviction was proper, and under the testimony of both Freeman and Gobin, Freeman is clearly guilty of aiding and abetting Gobin, and the conviction by the jury under this state of facts as to this feature of the case will not be disturbed.

The medical practices act does not any more contemplate or authorize a registered physician going out and employing all the unauthorized quacks in the country to aid and assist him for a compensation or otherwise, except in emergencies, in the practice of medicine, than it does the employment for the same purpose of the section hands on a railroad. The law is not only intended to protect legitimate practitioners, but also to protect the public against being imposed upon by an incompetent person holding himself out as a physician. The laws of this state were enacted to be observed and enforced and not to be evaded and violated. It is evident from this record that the plaintiff in error Freeman was seeking to aid Gobin in evading the law, and in doing so both of them violated it and incurred its penalties.

We have considered carefully and thoroughly the entire record in this case and are of opinion that the judgment of the trial court should be affirmed as to each plaintiff in error in both cases, and it is so ordered.

DOYLE and FURMAN, JJ., concur.