## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### DERRICK V. COMMONWEALTH.

### March 21, 1918.

1.  LICENSES—*Civil Engineer—Engineer Employed by Railroad—
    Case at Bar.*—Acts 1915, page 252, chapter 148, section 89,
    provides that any person or firm who shall for compensation
    engage in the business of civil, mining, mechanical or electrical
    engineering shall pay a license tax of fifteen dollars per year
    for the privilege of conducting such business, and that any
    person or firm violating the provisions of this section shall be
    fined, etc.  Under this act the accused was indicted and con-
    victed.  The accused was engaged in the practice of his pro-
    fession as a civil engineer, but not in the general practice of
    it, in the sense that he was open to employment by the public
    or any part thereof.  He was in the exclusive employment of
    another, a railroad company.

    *Held:* That section 89 of chapter 148, Acts 1915, does not im-
    pose a license tax upon the mere practice of one's profession
    as a civil engineer—the mere acting as a civil engineer—when
    such an one is not engaged in his own business as such en-
    gineer.

2.  LICENSES—*Civil Engineer—Engineer Employed by Railroad—
    Case at Bar.*—The legislature might have provided that a civil
    engineer should pay a license tax if he practiced his profession
    at all, or acted at all as a civil engineer, as it did, in effect,
    in respect to lawyers and dentists practicing their professions;
    but it did not.  By section 89 aforesaid, a different provision
    is made, and one who practices his profession as a civil engi-
    neer—one who acts as a civil engineer, *i. e.,* does that kind of
    work—is not merely for that reason required to pay a license
    tax.  There is something more specified as to such action be-
    fore the license tax is imposed, namely, the action must be
    such that it constitutes a "business of civil * * * engineer-
    ing," otherwise it is not subject to any license tax.

3.  LICENSES—*Civil Engineer—Engineer Employed by Railroad—
    Case at Bar.*—The *business* of civil engineering, which is taxed
    by the statute (Acts 1915, page 252, chapter 148, section 89),
    must be a person's *own business* in which he is engaged, in

order to subject him to the tax. This feature of this section of the statute is not peculiar to it, however. It inheres in the meaning with which the word "business" is used in other sections of the same statute; for example, in section 45, providing that "every person, firm * * * engaged in the business of a merchant shall pay a license tax," and similar provisions in other sections as to other businesses. No one would contend that a salesman employed by a merchant having no other interest or connection with the business, was engaged in the business of a merchant, within the meaning of the statute.

4. LICENSES—*When is a Person Engaged in His Own Business.*— The mere fact that one is employed by another does not furnish a valid test of whether the former is or is not engaged in his own business. All professional men and those engaged in any kind of work for others, whether skilled or unskilled, are employed by others even when the former are engaged in their own business. When one is employed by another, the true test of whether the former is engaged in his own business, or the business of the latter, is the character of the employment. Is the former an independent contractor and as such in the employment of another and doing work for such other; or is the former a mere servant or ordinary employee of another? In the case first stated, the person employed is engaged in a business of his own, although doing work for another. In the second case, the person employed is engaged in the business of his employer, and not in a business of his own.

Error to a judgment of the Circuit Court of Lunenburg county.

*Reversed.*

STATEMENT OF THE CASE AND FACTS.

The accused was indicted, convicted of, and sentenced to pay a fine, by the order of court complained of for the following alleged offense under section 89 of the Acts of Assembly, 1915, p. 252, namely: that he did "for compensation engage in the business of civil engineer without having procured a license so to do   *   *   * "

The said statute is as follows:

"89. Civil and Electrical Engineers.—Any person or firm who shall for compensation engage in the business of civil, mining, mechanical or electrical engineering shall pay a license tax of fifteen dollars per year for the privilege of conducting such business; the said license to be procured from the commissioner of revenue of the city or district in which said engineer shall have his office on the first day of May in each year; provided, that the license of any engineer who has not practiced his profession for more than five years, or whose income from such business is less than five hundred dollars for the preceding year shall be five dollars; and, provided, further that on the payment of the license as herein provided the said engineer shall be entitled to engage in such business in any part of this State. Any person or firm violating the provisions of this section shall be fined not less than ten dollars, nor more than thirty dollars, for each offense."

## THE FACTS.

The material facts are as follows: The accused was engaged in the practice of his profession as a civil engineer, but not in the general practice of it, in the sense that he was open to employment by the public or any part thereof. He was in the exclusive employment of another, a railroad company. The whole of his time and services as civil engineer were engaged and paid for by his employer and were rendered in the performance of civil engineering work for that employer, such as was necessary to be done by the latter in its business.

*Theo. W. Reath, J. M. Crute* and *F. S. Kirkpatrick*, for the plaintiff in error.

*Attorney-General J. D. Hank, Jr.,* and *Assistant Attorney-General Leon M. Bazile,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The power of the legislature to impose a license tax upon the practice of his profession by a civil engineer—upon his acting as a civil engineer—in the business of another as well as in his own business, is not drawn in question in the instant case, and, indeed, cannot be doubted. The question before us for determination is merely whether the legislature by the provisions of the statute above quoted has exercised such power. The language of the statute itself must be looked to for the decision of such question.

It will be observed that the language of section 89 imposes a license tax on, "Any person or firm who shall * * *engage in the business* of civil * * engineering * * *" The language is different from that of the sections of the same statute imposing license taxes upon lawyers, dentists and others. Section 115 of such statute provides that, "* * * no person shall act as attorney at law or practice law in the courts of this Commonwealth without a separate revenue license." Section 117 provides: "No person shall practice as a dentist * * without a revenue license * * *"

We are of opinion that section 89 aforesaid does not impose a license tax upon the mere practice of one's profession as a civil engineer—the mere acting as a civil engineer—when such an one is not engaged in his own business as such engineer. The legislature might have provided that a civil engineer should pay a license tax if he practiced his profession at all, or acted at all as a civil engineer, as it did, in effect, in respect to lawyers and dentists practicing their professions, as aforesaid, but it did not. By section 89 aforesaid, a different provision is made, and one who prac-

tices his profession as a civil engineer—one who acts as a civil engineer, *i. e.*, does that kind of work—is not merely for that reason required to pay a license tax. There is something more specified as to such action before the license tax is imposed, namely, the action must be such that it constitutes a "business of civil * * * engineering," otherwise it is not subject to any license tax. Clearly, therefore, the mere practice of one's profession as a civil engineer—the doing the work of a civil engineer—is not sufficient to bring such a person within the operation of the statute under consideration; unless the mere practice of the profession—the mere doing of the work of the profession— in all cases constitutes that work the "business" of the person doing it. Does the mere doing of the professional work always have that result? Manifestly not. It is true that oftentimes, and perhaps usually, the practice of a profession, is the "business" of the person engaged in it, but not always so. To illustrate: Said section 89 of the statute imposes a license tax on any "firm" which is engaged for compensation "in the business of civil engineering." It is evident that the statute does not impose a license tax on every member of such a firm, as, for instance, section 115 of the same statute does upon each individual member of a law firm. The language used by the legislature in the two sections is different, as above noted. One license only is exacted of a firm of civil engineers, however many members may compose it, or however many civil engineers may be employed by it, and be engaged in the practice of the profession of civil engineering, or, indeed, however many members or employees of it may be engaged "in the *business* of civil * * * engineering." And here we have disclosed a further element which distinguishes the "business" of civil engineering which is taxed by the statute (section 89), namely, it must be a person's *own business* in which he is engaged, in order to subject him to the tax. This feature of this sec-

tion of the statute is not peculiar to it, however. It inheres in the meaning with which the word "business" is used in other sections of the same statute; for example, in section 45, providing that "every person, firm * * engaged in the business of a merchant shall pay a license tax," and similar provisions in other·sections as to other businesses. No one would contend that a salesman employed by a merchant having no other interest or connection with the business, was engaged in the business of a merchant, within the meaning of the statute.

Now when is a person engaged in his own business?

The lexicographers and courts have found it impossible to define even the word "business" with sufficient accuracy · to cover all cases. The same is true of the meaning of the phrase "engage in business." The learned Attorney-General has cited a number of authorities on the latter subject, namely: *Harris* v. *State,* 50 Ala. 127, 130; *Weil* v. *State,* 52 Ala. 19; *Moore* v. *State,* 16 Ala. 411; *Hewin* v. *Atlanta,* 121 Ga. 723, 730, 49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296; *Easterbrook* v. *Hebrew Ladies' Orphan Society,* 85 Conn. 289, 294-5, 82 Atl. 561, 41 L. R. A. (N. S.) 615; *Gobin* v. *State,* 9 Okl. Cr. 201, 131 Pac. 546, 44 L. R. A. (N. S.) 1089; and *State* v. *Paul,* 56 Neb. 369, 76 N. W. 861. All of these cases, except the two last named, concern a business which was the person's own business who is said to be engaged in it. With the exception mentioned, these cases do not involve or consider the situation of one practicing his profession or doing other work in the business of another. It is true the cases of *Gobin* v. *State* and *State* v. *Paul, supra,* concern persons employed in the business of another; but the persons so employed were unlicensed physicians. They were employed by licensed physicians and engaged in the business of the latter. The prosecution in these cases, however, was under the Nebraska statute (Sec. 16, Art. I, Chap. 55, Compiled Statutes). This stat-

ute, so far as material, provided that "Any person who * * * has not complied with the provisions of this act, who shall engage in the practice of medicine * * shall be deemed guilty of a misdemeanor * *," etc. That statute, like the Virginia statute with respect to lawyers and dentists, was directed against the personal action therein mentioned and not against a business. The two last named cases, therefore, and the other cases cited, as above noted, afford us no aid in ascertaining the meaning of the phrase "engage in business." They are equally far afield on the question of when a person is engaged in his own business.

We are cited to but one authority which involves the last-named question, and that is the case of *Watts* v. *Commonwealth*, 106 Va. 851, 56 S. E. 223, Ann. Cas. 1914 B, 738. While not perhaps, precisely in point, that case is very nearly so, and is very illuminating upon and, in principle, is conclusive of the question last above referred to—which indeed is the pivotal question in the instant case.

In the *Watts Case*, a construction company, duly licensed to conduct its business of general contracting, was engaged in certain construction work for a railroad company in Pittsylvania county. Watts was a day laborer in the employment of that company. He was sent by the company to Danville to employ laborers for the company. Watts did there employ a number of laborers for the company and was arrested, prosecuted and convicted of an alleged violation of the license statute (section 128, page 2247, Code 1904), which is as follows:

"Any person who hires or contracts with laborers, male or female, to be employed by persons other than himself, shall be deemed to be a labor agent; and no person shall engage in such business without having first obtained a license therefor. Every person who shall without a license conduct business as a labor agent shall pay a fine of not less than one hundred dollars nor more than five hundred dollars."

It will be observed that this statute defines what the personal action is against which it is directed and so far as such personal action was concerned Watts came directly within the provisions of the statute. *He hired laborers to be employed by a person other than himself.* Under the very terms of the statute, therefore, he was "deemed to be a labor agent"—his action constituted him a "labor agent." But the statute did not impose a license upon such mere personal action. There was something more specified by the statute as to such action before it imposed a license tax thereon, namely, the action of the person hiring the laborers must have been such that it constituted *his business*—he must have been engaged "in such *business*"—he must have been conducting a *"business* as labor agent."

At page 852, of 106 Va., at page 224 of 56 S. E. (Ann. Cas. 1914 E, 738), this court, in its opinion delivered by Judge Whittle, said: "It thus appears that the single question presented by the record for our determination is whether or not plaintiff in error was engaged in the business of a labor agent within the meaning of the foregoing statute, it being admitted that he had no license. We have no difficulty in resolving that question in the negative. Indeed, it would seem clear that nothing more can be predicated of the transaction than that it constituted a hiring of laborers by the construction company, the principal, through the medium of its own agent, for the lawful prosecution of its business. The case is controlled by the maxim, *'Qui facit per alium, facit per se,'* (Broom's Max. 818); a failure to observe which, in such case, would impose impossible restrictions upon corporations and natural persons throughout the Commonwealth, whose businesses necessitate the employment of large numbers of laborers. Corporations must of necessity act through agents; and it is wholly impracticable for individuals engaged in large affairs personally to hire laborers to carry on their work. If the

doctrine contended for were maintained, contractors and others of that class would be compelled either to rely on labor agents to secure necessary labor or else go out of business. It cannot be inferred that the legislature, if within its competency, intended to place such unreasonable limitations upon those essential factors in the internal improvement of the State. The purpose of the statute is to reach a class of persons, who, for compensation, conduct the business of employing laborers for other persons, with respect to whom they bear no other contractual relation; but it can have no application to a principal (whether a corporation or natural person) who, in good faith, employs such laborers for his own service by means of his own employee. In such case, under the maxim referred to, the acts of the agent are the acts of the principal.

"The differentiating features between the two transactions of hiring laborers by labor agents and by one's own agent may be illustrated by the instances of a purchase of real estate through a real estate agent, whose business it is to negotiate sales for anyone who may choose to engage his services, with whom and his patron no other contractual relation exists on the one hand, and a purchase by a principal, through his own private agent, on the other. From the former the State exacts a license, but not from the latter. In our opinion the statute in question is plainly not susceptible of the interpretation placed upon it by the trial court; but even if it were of doubtful import, being a law imposing a license tax, upon familiar principles, it would have to be construed strictly, and most strongly against the State and in favor of the citizen."

It is true that the mere fact that one is employed by another does not furnish a valid test of whether the former is or is not engaged in his own business. All professional men and those engaged in any kind of work for others, whether skilled or unskilled, are employed by others even

when the former are engaged in their own business.  When one is employed by another, the true test of whether the former is engaged in his own business, or the business of the latter, is the character of the employment.  Is the former an independent contractor and as such in the employment of another and doing work for such other; or is the former a mere servant or ordinary employee of another?  That is the true test.  In the case first stated, the person employed is engaged in a business of his own, although doing work for another.  In the second case, the person employed is engaged in the business of his employer, and not in a business of his own.  The principle on which this distinction rests was involved in the *Watt's Case, supra*.  It inheres in the meaning of the phrase "engage in business."  The delineation of the distinction between persons who are in the class of independent contractors and those in the class of mere servants or ordinary employees, has been so often pointed out in the decisions of the courts on the subject and the discussions of it by text-writers, and is so well understood, that it is deemed unnecessary to cite authorities here elaborating such distinction.  It is sufficient to say that it is manifest that the accused in the instant case was a mere servant or ordinary employee of another when engaged in the work as civil engineer for which he was indicted, and that he was not so engaged as an independent contractor.  Hence, he was not then engaged in the business of civil engineer within the meaning of the statute under which he was indicted.

For the foregoing reasons, the order complained of will be reversed and the case dismissed.

*Reversed.*