# JOHN T. REEVES v. STATE.

No. A-6206. Opinion Filed April 9, 1927.
(255 Pac. 162.)

 

Brett & Brett, H. A. Hicks, and Matson & Mathers, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of practicing medicine without a license, and his punishment fixed at a fine of $500.

The information charges that defendant, without having a license, did practice medicine by injecting a preparation of arsenic as a treatment for syphilis into the veins of a certain patient.

It is first contended that the evidence is insufficient to sustain the verdict. The record discloses that defendant operated a sanitarium in the city of Ardmore; that the patient named went to the sanitarium, was examined by defendant, and informed that she had syphilis; that he undertook to treat her, and injected the drug into her arm as charged. There is sufficient competent evidence to reasonably sustain the allegations in the information. It is well settled that, where there is competent evidence, although it may be conflicting, reasonably tending to sustain the charge, the court should not sustain a demurrer, but the question of fact should be submitted to the jury, and their verdict will be binding. This rule is so well settled and supported by so many decisions that the citation of authority in support of it is superfluous.

The defendant next contends that the Medical Practice Act (Laws 1923, c. 59) is unconstitutional under the authority of Ex parte Pope, 33 Okla. Cr. 5, 242 P. 290. This contention was fully considered in the case of Reeves v. State, 36 Okla. Cr. 186, 253 P. 510, and decided adversely to the contention here made.

It is also argued that the act is unconstitutional under section 57, art. 5, of the Constitution, because the title of the act is insufficient. This contention cannot be sustained. See Ex parte Ambler, 11 Okla. Cr. 449, 148 P. 1061; State Board of Dental Examiners v. Pollock, 125 Okla. 170, 256 P. 927; Coulson v. State, 8 Okla. Cr. 403, 127 P. 1090; Wilson v. State, 8 Okla. Cr. 493, 129 P. 82; Gobin v. State, 9 Okla. Cr. 201, 131 P. 546, 44 L. R. A. (N. S.) 1089; Jackson v. State,

22 Okla. Cr. 338, 211 P. 1066; State ex rel., etc., v. Board, etc., 31 Wash. 492, 72 P. 110.

There is some contention made that the court admitted incompetent evidence. This is directed to evidence that the medical treatment given by defendant was not a proper treatment, and that the evidence was not confined to the particular day alleged. This matter presents no such error as would in any manner tend to bring about a miscarriage of justice or that deprived defendant of any substantial right.

Finally, it is urged that the court erred in its instructions and in refusing instructions requested by defendant. Defendant asserts that he made certain requests for instructions which were in part indorsed "allowed" by the trial judge, and in part rejected, but that in making up his instructions as given he did not incorporate the instructions allowed, and did not permit counsel to read to the jury and comment on those requested which were marked "allowed." An examination of the record discloses certain requested instructions, a part of which are marked "allowed" and signed by the trial judge, and a part marked "rejected" and signed by the trial judge. No exceptions are shown on those marked rejected. Those marked "allowed" are not incorporated in the instructions given, although the substance of a part of them is incorporated in the court's charge. The record does not disclose any exception to the court's failure to incorporate these instructions in his charge nor any request that they be incorporated. The only manner in which this irregularity is shown is the statement in the motion for a new trial that the court erred in refusing to permit defendant's counsel to read the defendant's requested instructions to the jury. This is not sufficient. The record must affirmatively show the error complained of,

and that it was substantially prejudicial. A recital in the motion for a new trial will not supply a showing required by the record. Redden v. State, 22 Okla. Cr. 179, 210 P. 556; Underwood v. State, 23 Okla. Cr. 119, 212 P. 1010; Munson v. State, 13 Okla. Cr. 569, 165 P. 1162.

The information charges a violation of the law in a particular manner by the injection of drugs into the veins. The instructions tell the jury that they must find defendant guilty as charged before they will be warranted in returning a verdict against him. There was evidence of only one offense as charged by the injection of a drug, and, while there was evidence of things done at other times by defendant tending to prove a practice of medicine in a different manner, none of them refer to the practice of medicine by the injection of a drug into the arm as charged in the information. These other matters referred to simply tended to cast light upon the offense charged, and for this purpose they were admissible. State v. Rule, 11 Okla. Cr. 237, 144 P. 807, and authorities cited.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.