THE STATE OF CONNECTICUT *vs.* MAX ROSENBAUM.

Third Judicial District, Bridgeport, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

General Statutes, § 4654, provides that every unlicensed person who "engages in the business" of buying or selling junk, or "is a dealer therein," shall be fined or imprisoned, or both.  *Held* that an employee of a licensed dealer was not himself a dealer or trader within the meaning of the statute, and therefore was not required to be licensed, while acting in good faith as such employee in the purchase and sale of junk for his employer.

Argued October 29th—decided December 17th, 1907.

INFORMATION for buying and selling junk without a license therefor, brought to the District Court of Waterbury and tried to the jury before *Cowell, J.*, after a demurrer to the information had been overruled *pro forma;* verdict and judgment of guilty, and appeal by the accused.  *Error.*

·Dennis J. Slavin and James M. Lynch, for the appellant (the accused).

Ulysses G. Church, Prosecuting Attorney, for the appellee (the State).

THAYER, J.  The accused, who is a minor, was prosecuted and convicted in the trial court of being a dealer in junk without having a license therefor.  His defense was that the acts of buying and selling which were proved against him, which he admitted, and which the State claimed constituted him a dealer within the meaning of the law, were done by him as the agent of his brother, who was a licensed junk dealer in the city of Waterbury.  His counsel requested the court to charge the jury that if they found as a fact that the accused was so acting in a bona fide capacity, their verdict should be not guilty.  The court refused to so charge.

Section 4654 of the General Statutes, under which this prosecution was instituted, provides, among other things, that " every person who engages in the business of buying or selling second-hand bicycles, junk, old metals, or other second-hand articles, or is a dealer therein, unless licensed therefor, according to law, . . . shall be fined," etc.  Section 4653 of the General Statutes, as amended by chapter 43 of the Public Acts of 1903 and chapter 88 of the Public Acts of 1905, provides that " the selectmen of any town, and the chief of police in any city, may grant licenses to suitable persons, to be dealers and traders in second-hand bicycles, junk, old metals, and other second-hand articles "; that such license shall designate the place where such business is to be carried on ; that every such dealer shall keep a book in which shall be written " a description of such article, the name, residence, and general description of the person from whom, and the time and hour when, such property was received " ; that " such book, and the place where such business is carried on, and all articles of property mentioned therein, may be examined at all times "

by the authorities of the town or city; and that "every junk dealer doing business in this state shall display on every wagon or vehicle used by him in such business the name of the person conducting said business, the number of the license under which said business is being conducted, and the name of the town where such license was granted."

It is not the purpose of the law to prevent or curtail the business of dealing in junk or other second-hand articles, but to regulate the business by causing the dealers or traders therein to become registered, as licensees, and to submit to public inspection all articles of this class received by them. The junk-shop, when conducted by a dishonest dealer, is likely to become a "fence" or place where burglars and thieves can dispose of their plunder without inquiry and conceal their identity; and the shop of an honest dealer may be made use of by such criminals as a place to dispose of their stolen goods. The legislature has considered it to be in the public interest to have the business so regulated that the authorities of the town or city where the business is conducted shall have open to them a record of the articles received by any such dealer or trader, with the name and a description of the person from whom received, and shall also have an opportunity to inspect the articles received by such dealer. The statute in terms requires only dealers or traders, the persons conducting the business, to be licensed. It punishes licensed dealers for failure to keep the book, make the return, and permit the inspection required by the statute, and punishes every person who is a dealer without a license. It does not require a license from every person who, not being a dealer or trader therein, buys or sells junk and second-hand articles, nor impose a penalty upon every such person who buys or sells without a license. Many persons who are not dealers or traders therein occasionally buy or sell such articles. A dealer is one whose business it is to buy and sell, as a merchant, shopkeeper, or broker,—a trader. Century Dictionary. A trader is one who makes it his business to buy merchandise, goods or chattels, to sell the same at a profit.

Bouvier's Law Dictionary. The statute in question contemplates that the licensed dealer will or may act through agents in the conduct of his business, and it provides that he shall display upon every wagon or other vehicle used by him in such business the number of the license under which said business is being conducted, and the name of the town where such license was granted. It does not intend that each employee in his shop or upon his wagons along the highways who may make a purchase or sale of junk shall take out a license before so doing. They are not dealers or traders within the intent of the law. If, therefore, the accused was merely an employee of a licensed dealer, acting in good faith as such in the purchase and sale of junk for his employer, he was not amenable under the statute. He was, therefore, entitled to the instruction requested, and the trial court erred in refusing it.

There is error.

In this opinion the other judges concurred.