## French v. City of Louisville, et al.

(Decided February 4, 1913.)

### Appeal from Jefferson Circuit Court.
### (Criminal Division).

1. Licenses—Nature of License for or Tax on Occupations.—An ordinance imposing a license tax on "every insurance adjuster" is an occupation tax, and is not a tax on the corporate existence—or right to do business—of a corporation engaged in such business.

2. Licenses—For Occupations and Privileges—Subjects of License or Tax—Occupations and Employments.—Under an ordinance providing that "every insurance adjuster" shall pay a license, all persons, whether acting for themselves or as agents for another, who engage in such business where the ordinance is operative, are subject to the payment of the license tax.

FLEXNER & GORDON and ROWAN HARDIN, for appellant.

CLEM W. HUGGINS, for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Section 48 of the General License Ordinance of the city of Louisville provides: "Every insurance adjuster, whether employed by an insurance company or companies, or by the insured, shall pay a license of one hundred and twenty-five dollars per year." 9 Biennial Compilation of General Ordinances of the city of Louisville, 1911, page 304. Stephen French was arrested, charged with having violated this ordinance. Upon a hearing before the Ordinance court of the city of Louisville, he was found guilty of a violation of the ordinance above quoted, and the penalty provided for its violation imposed. An appeal was taken to the circuit court, criminal division, and, upon consideration there, the finding of the Ordinance court was upheld. Judgment having been entered, the defendant prayed, and prosecutes, this appeal.

It appears from the record that for several years

prior to July 16, 1911, Stephen French had been engaged in the business of "insurance adjuster" in the city of Louisville, and during the time he was so engaged, he had paid into the Sinking Fund of the city of Louisville the license fee provided for by section 48 of the ordinance referred to. On the first day of April, 1911, and before the date upon which it is claimed for the city that the license should have been taken out, the Southern Adjustment Bureau, a corporation organized under the laws of the State of Georgia, for the purpose of adjusting losses of fire and marine insurance companies, opened an office in the city of Louisville. The stock of this company is owned by the various insurance companies engaged in writing fire and marine insurance in Louisville and elsewhere. This corporation is, by its charter, authorized to do business in the state of Kentucky and has complied with the requirements of the law. When it opened its office in Louisville, it employed Stephen French and placed him in charge of its business, and, at the same time, employed as his assistant, one Hugh Young. It is alleged that these two employes were, under ordinary conditions, able to attend to all of the duties which the company was called upon to discharge, but that, if an occasion arose where they were not able to meet the demands upon them, then additional men would be employed. The Southern Adjustment Bureau offered to take out, and pay for, a license as an insurance adjuster, but the Sinking Fund Commissioners declined to accept payment, and refused to issue a license to it, insisting that Stephen French and Hugh Young each of whom were in the employ of the Southern Adjustment Bureau and were engaged in the business of adjusting fire insurance losses within the city, should take out an insurance adjuster's license, as though each were acting for himself.

The language, "every insurance adjuster" shall pay a license, is broad enough to include appellant, although, it is stated, he was merely the agent of the corporation, which was engaged in the business of adjusting losses. This corporation was, no doubt, organized for the express purpose of enabling insurance companies to avoid the payment of more than one license, for adjusters employed in Louisville by them. If the license imposed were a tax upon its corporate existence—its right to do business—there would be much force in the position

taken by counsel for appellant; but the tax is imposed upon those persons *engaged* in the business of adjusting losses, that is, devoting their skill and ability to this character of work. While appellant was employed and paid by the Southern Adjustment Bureau, he was nevertheless *engaged* in the business of adjusting fire insurance losses, and, under the plain letter, as well as the spirit, of the ordinance, subject to the payment of the tax.

The purpose of this ordinance was to impose a tax upon all of that class of persons, who were engaged in the business of adjusting fire insurance losses within the city of Louisville; and, when it says that "every person" so engaged shall be subject to the tax, it is immaterial that they acted in the capacity of agent for some one else. The fact that they *engaged* in the business at all renders them subject to the payment of the tax. A corporation is but an artificial person, and if, by the means resorted to in this case, insurance companies could escape the payment of more than one license tax, so an individual might, with as much propriety, employ as many agents as his business should require and insist upon the payment of only one license tax, upon the theory that the business was, in fact, being conducted by him through those who did the work, although the success of the undertaking was dependent entirely upon the individual skill and capacity of the particular agents. To so hold would be to defeat the evident purpose of the ordinance and deprive the city of a portion of its income, to which it is clearly entitled. The trial court correctly held that appellant was subject to the tax.

Judgment affirmed.