## Sharpe v. City of Lexington.

(Decided May 7, 1920.)

### Appeal from Fayette Circuit Court.

1.  Licenses—Trading Stamps for Purposes of Advertising.—An association organized by merchants for the purpose of advertising and improving their business through the instrumentality of trading stamps is subject to the payment of a license tax imposed by a city ordinance upon trading stamp companies. The ordinance by its express provisions applied only to those furnishing stamps to merchants and not to merchants using same.

2.  Licenses—Issue and Redemption of Trading Stamps.—The business of issuing and redeeming trading stamps conducted by an association organized by merchants, being separate and distinct from the business of any of the merchant members, renders it liable for the payment of a municipal license tax on trading stamp companies. In this case the stamps were purchased by the members from the association whose manager derives his sole compensation from the business done by the company.

A. B. THOMSON for appellant.

JAMES G. DENNY, HARRY B. MILLER and J. A. WILMORE for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

The Home Merchants' Co-Operative Discount Company was organized by twelve merchants of Lexington for the purpose of advertising their business and for the general betterment of trade conditions. Under the articles of association it is provided that each merchant member shall give to his or its customers what are generally known as "trading stamps," one stamp being given for each ten cent purchase, redeemable in merchandise at the store of the member. Stamps to be purchased from the company; one-third of the amount paid

by the members to be credited to the account of the company's manager, the remaining two-thirds credited to a reserve fund, for the purpose of redeeming stamps taken by the members in exchange for merchandise. The manager to attend to the solicitation of customers and encouraging the use of the plan. The governing board consists of three members.

Appellant, W. W. Sharpe, was duly elected as the company's manager and accepted as his compensation the sum provided in the articles, to-wit: the monthly balance left in the account to his credit after the payment of all expenses, excluding the reserve fund.

By an ordinance of the city of Lexington it is provided:

"That any person, corporation or company engaged in the business of selling, trading in or with or using in their business what are known as periodical tickets or trading stamps, or rebate stamps, shall pay an annual license of one hundred ($100.00) dollars. This does not apply to merchants using said stamps, periodical tickets or rebate stamps, but only to those who furnish same to said merchants."

By a judgment of the police court appellant was found guilty of violating the above ordinance and was ordered to pay said license tax and costs. An appeal to the circuit court, taken by Sharpe, was dismissed and the matter is now before us for decision.

This is not an attempt to compel the payment of the tax by merchant members, they being expressly excluded therefrom by the ordinance itself. Appellant does not question the right of the city to tax trading stamp companies. The sole question is whether Sharpe was engaged in the business embraced by the ordinance and subject to the tax. Sharpe is not a merchant, nor a member of the association, nor is he employed by any one of the merchant members. His contract of employment is with the association.

In Commonwealth v. Gibson Co., 125 Ky. 440, 101 S. W. 385, it was held that a company engaged in the retail mercantile business which gave to its customers checks representing four per cent of the purchase, exchangeable for articles in the store, or redeemable in cash, was not a trading stamp company, subject to the license tax provided for in section 4224, Kentucky Statutes. No one other than the Gibson Company and its

customers was interested in that enterprise. The scheme adapted by said appellee was not different in effect from the discount frequently allowed by merchants on cash purchases or for prompt settlements of their monthly accounts. In the instant case, instead of one merchant we have twelve, each one of whom is a constituent member of the association. No one of said merchant members issues stamps; these are issued by the association and purchased by the members and redeemed by them at the company's office. The business of the association is conducted by a manager selected by the board of directors and whose compensation is paid, not by any of the members, but is derived solely from the income received by the association in the conduct of that business for which it was expressly organized. That the organizers or members are merchants does not affect the character of the association. It is just the same as if its organizers were not merchants. The business of the association is different from that of any of the constituent members. The furnishing of trading stamps by a merchant to his customers does not constitute a business separate and distinct from that of selling merchandise, being merely an instrumentality in or incident to that business, but when merchants combine for the purpose of forming a company, which issues the stamps, and which are purchased from it by the merchant members, then the company and not the individual merchants is engaged in the trading stamp business, and as such is liable for the license tax. As a general rule one engaged in two or more separate occupations is subject to a license tax on each; likewise one who conducts a business at different places is liable for taxes on business conducted at each place.

In French v. City of Louisville, etc.. 152 Ky. 12, 153 S. W. 42, we held that each insurance adjuster employed by an adjustment bureau was subject to a license tax imposed by the city. It was contended that French was merely an employe or agent of the company and the company was subject to the payment of one tax only, but it was adjudged that the tax was imposed upon the persons engaged in the business, therefore French was subject to the payment of the tax, and it was immaterial that he acted in the capacity of agent for someone else.

Finding no error in the judgment appealed from same is accordingly affirmed.