STATE, *ex rel.* SAM MURRAY, v. HAYES WOOD, as Tax Collector of Dade County.

181 So. 381.
Opinion Filed April 4, 1938.
Rehearing Denied June 7, 1938.

*W. McL Christie,* for Petitioner;

*Melbourne L. Martin,* for Respondent;

*H. O. Pemberton,* as *amicus· curiae.*

TERRELL, J.—Petitioner owns and operates an automobile sales agency in the City of Miami in connection with which he also operates a service department and two used car lots from which he sells secondhand automobiles. On sales made from all these businesses, he pays the gross receipts tax imposed by Chapter 16848, Acts of 1935.

As required by Chapter 18011, Acts of 1937, he applied to respondent, as Tax Collector of Dade County for license to transact business for the current year tendering with the application $75.50, said sum being $25.00 State license tax and $12.50 County license tax, plus County Judge's fee to operate his used car lots, he having paid the license tax on his automobile sales agency to the Comptroller.

Respondent declined to accept the amount tendered without the inclusion of the additional sum of $15.25 to cover a license for operating his service department and $1.50 for each employee over five employed in said department,

plus $2.25 per one thousand dollars on his maximum inventory of new and used automobiles. Petitioner declined to pay the amounts last demanded and filed his petition for alternative writ of mandamus directed to the respondent requiring him to accept the sum tendered in the first instance and issue the license requested or show cause why he refused so to do.

The return to the alternative writ admits these facts but denies that the service department or the used car lots are a part of the main business of Relator or that they are accessory thereto entitling them to be included within the exceptions to the law exempting them from the payment of license taxes. The cause comes on for disposition on motion for peremptory writ notwithstanding the return.

The concrete question presented may be stated as follows: Is relator required under Chapter 18011, Acts of 1937, to pay a license tax to operate his service department and to pay an inventory tax on his stock of merchandise? The query as thus stated involves the application of, rather than the validity of, Sections 5 and 6 of the Act last recited, sometimes known as the occupational license Act.

As to liability for the license tax to operate his service department, the application of Section 6 is conclusive, the pertinent part of which is as follows:

"Every person engaged in any business as owner, agent, or otherwise, the principal function of which is the performance of some service for the public in return for a consideration, shall for each place of business pay a license tax of $10.00, plus one dollar for each person in excess of five persons employed thereat; provided, said license shall not exceed $50.00.

"No license shall be required under this section where the performance of service for the public is incidental to and a part of some other business classification for which

a license is required by this Act, or other law of this State, and is carried on at the place of business licensed under such classification and not more than three persons are employed in the performance of such service, (nor shall a license be required, under this section for any business, the principal function of which is the performance of some service for the public in return for a consideration, when the nature of the service is such that an occupational license is required of such business by some other section of this Act or law of this State)."

Inspection of Section 6 as quoted discloses that after defining the conditions under which a license tax will be exacted, two distinct exceptions are provided. The answer to the question turns on that of whether or not the operation of the service department falls within one of the exceptions. Relator bases his claim on the second exemption, that is to say that the primary function of his service department is the performance of, a service for a consideration, and that the nature of said service is such that an occupational license tax is required to operate his main business by some other provision of the law which has been complied with.

It is not denied that Relator operates his main business of selling automobiles and accessories for which he has paid his license tax, that in connection with the main business, he is required to operate a service department to serve the automobiles of his customers, that about ninety-eight per cent. of the sales of new automobiles are in part paid for by the trade-in of an old or used car which is reconditioned for sale in the service department, that less than ten per cent. of the business of said department consists in service on cars which Relator takes in and sells other than Fords and Lincolns, that less than four per cent. of the capital invested in Relator's entire business is in the service de-

partment and that less than four per cent. of the gross income from his business comes from the service department.

Under such state of facts, the service department is in our view clearly within the exception claimed for it; it is required by the main business; was established at the same time and its primary purpose is to supplement the main business and it performs a service, the nature of which is such that an occupational license tax is required and has been paid to operate the main business.

The operation of the used car lots is even more dependent on the main business than the service department. Every used car listed in them arises from the sale of a new car by the main business and is in fact a part of that transaction. Except for the matter of storage space, all used cars would be resold at the main sales agency, the record of sale, title ownership transfer, and in fact everything pertaining to their sale is kept at the main place of business and every penny of the income from them arises from the main business. We can think of no sense in which the used car business is not dependent on the main business.

As to liability for the inventory tax on his stock of merchandise, the application of Section 5 is conclusive, the pertinent part of which is as follows:

"Every person engaged in the business of trading. buying, bartering, serving, or selling tangible personal property as owner, agent, broker, or otherwise, shall pay a license tax of $25.00 (which shall entitle him to maintain one place of business, stationary or movable) and shall pay $25.00 for each additional place of business provided that the said twenty-five dollar license tax shall not be required for any place of business licensed under the provisions of Chapter 16848, Laws of Florida, Acts of 1935. Wholesalers and others who do not pay a license tax calculated wholly or

in part on gross receipts from their sales and who keep a stock of merchandise for sale shall pay an additional tax of $1.50 for each thousand dollars of their stock of merchandise, (other than petroleum products)."

In the outset, it is admitted that Relator pays the gross receipts tax on all sales made from his automobile sales business, service business, and used car business as required by Chapter 16848, Acts of 1935. The latter part of the Act as above quoted clearly exempts wholesalers and others from the payment of the license tax imposed thereby who pay a license tax based "wholly or in part on gross receipts from their sales" of personal or other property. The Relator being within this class is exempt from the inventory tax on his stock in trade.

Classifications not clearly within the terms of a taxing statute will not be required to carry the burden imposed by it. Here the terms of the exemption are clear and it is admitted that the conditions of the exemption have been complied with. It is competent to authorize administrative officers to promulgate rules for the enforcement of taxing statutes but such rules can under no circumstances enlarge the scope of the statute or bring those within its terms not clearly specified.

The motion for peremptory writ, notwithstanding the return, is granted.

It is so ordered.

ELLIS, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.