**STATE OF FLORIDA**, ex rel., **WILLIAM R. DAWES**, v **CHARLES O. NELSON**, Chief of Police of the City of Miami, Dade County, Florida.

| | |
|---|---|
| 20 So. (2nd) 394 | June Term, 1944 |
| January 5, 1945 | En Banc |
| Rehearing denied January 31, 1945 | |

400

*Blackwell, Walker & Gray,* for appellant.

*J. W. Watson, Jr.,* and *E. S. Corlett, Jr.,* for appellee.

TERRELL, J.:

In May, 1944, appellant was arrested under a warrant promulgated by the City of Miami charging him with the violation of Ordinance No. 1165, as follows:

"That from and after the date when this ordinance becomes effective, every person, firm or corporation engaged in or managing the business as an Insurance Adjuster or Adjusters, is required to produce a City License as herein provided, and shall on or before October 1st of each year after this ordinance becomes effective, and annually thereafter and always before engaging in the business as an Insurance Adjuster or Adjusters. The license fee is hereby fixed in the amount of $25.00 for each separate location in the City."

The ordinance was later amended by increasing the license tax ten percent if not paid by October 10 of each year. On petition of appellant, habeas corpus was issued and on motion to quash the return thereto, the petitioner was remanded. This appeal is from the order of remand.

The order of remand was predicated on a stipulation, the essential allegations of which are as follows: that William R. Dawes, the relator, is a full time salaried employee of Maryland Casualty Company, that he investigates and adjusts for said company, that said investigations and adjustments are incidental to the conduct of the business of Maryland Casualty Company, that said company has paid and pays annually to the City of Miami a license tax of $220, that said company

is engaged in the business of writing primary insurance, is not an independent adjuster and does not investigate or adjust claims for other persons or insurance companies and that petitioner does not adjust or investigate claims for any other person or company than the Maryland Casualty Company, nor does he receive a bonus or salary from any other company or person.

The question presented is whether or not under the ordinance quoted, appellant may be required to pay the license fee required as a condition precedent to pursuing the business of an insurance adjuster in the City of Miami in the manner shown by the stipulation.

Counsel have cited many cases treating similar ordinances and statutes to that with which we are confronted here. All of these ordinances and statutes hold that being both license imposing and penal in their nature, they should be construed against the government and in favor of the individual unless the literal terms are such as to conclusively include the proposed license.

The cases also hold that when a person or corporation is engaged in a primary business and, as a feature of the primary business, an activity merely incidental thereto and which serves no other person or business is engaged in the incidental and restricted activity is not to be considered as intended to be separately or additionally taxed. In this case, it is admitted by the stipulation that appellant is employed by Maryland Casualty Company and does not adjust claims for any other person, firm or corporation.

Another test applied under appropriate circumstances is whether or not the subject of the license tax is engaged in his own business, the business of his employer, or is his business such as would constitute him an independent contractor. If he is an independent contractor holding himself out to be employed by others for a charge, he is subject to the license tax but if he is the mere servant or employee of another, he is not subject to the license tax. City of Cartersville v. Gibson, 259 Mo. 499, 168 S. W. 673; Comer v. State Tax Commission of New Mexico, 41 N. M. 403, 69 Pac. (2nd) 936; Derrick v. Commonwealth, 122 Va. 906, 95 S. E. 392; Lee v. Gaddy, 133

Fla. 749, 183 So. 4; State v. Rosenbaum, 80 Conn. 327, 68 Atl. 250; Texas Co. v. Amos, 77 Fla. 327, 81 So. 471.

In this case, the appellant is not an independent contractor nor does he offer his services to the public as an insurance adjuster. He is an employee of Maryland Casualty Company whose business is limited to primary insurance and the adjustment of its own claims and appellant's business is limited to adjusting claims of his employer. We think that under such circumtances, his employment is a mere incident to the business of Maryland Casualty Company and that the license paid by the company covers the service of appellant. We think, in other words, by the rule of reason the ordinance in this case applies to those who hold themselves out as independent contractors. Both the literal terms of the act and the best reasoned cases support this conclusion.

To sustain the ordinance in question, appellee relies primarily on French v. City of Louisville, 152 Ky. 12, 153 S. W. 42. The pertinent part of the Louisville ordinance reads as follows: "Every insurance adjuster whether employed by an insurance company or companies, or by the insured, shall pay a license of one hundred twenty-five dollars per year." The pertinent part of the Miami ordinance is as follows: "Every person, firm, or corporation engaged in or managing the business of an insurance adjuster or adjusters."

It appears in this case that Southern Adjustment Bureau, a Georgia corporation, opened an office in Louisville and placed French in charge. The Southern Adjustment Bureau held itself out as an independent contractor and was in the business of adjusting insurance claims for other companies or any one who employed it. There were other differentials in the background of that case and the case at bar. The pertinent part of the ordinances are different and the fact that French holds himself out to the public as an independent contractor and will adjust for the public generally places him in a different class from appellant. We do not overlook the fact that statements in the French case are susceptible to a different interpretation but we are convinced that the cases cited in the forepart of this opinion are more consonant with the rule of reason on the facts of this case.

For these reasons, the judgment appealed from must be and is hereby reversed.

Reversed.

BROWN, THOMAS and SEBRING, JJ., concur.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., dissent.