PER CURIAM.
The City of Miami appeals a final decree which enjoins the collection of an occupational license tax from the appellee, Abe Schonfeld. The city sought to collect the license tax because the city contended that Mr. Schonfeld is engaged in the business of operating apartment houses. The decree was entered against the city in a suit brought by Schonfeld.
The city sought to collect the tax under the authority of Section 35-1 of The Code of the City of Miami, Florida, 1957, which reads in part as follows:
“Every person engaged in or managing any business, profession or occupation referred to in section 35-26 of this Code, in the City, is required to secure a city license as herein provided on or before October first of each year.” [Emphasis supplied.]
Section 35-26 includes as one of the businesses, professions or occupations “Apartment Houses”.
There is no factual dispute presented by the record and the question is whether the chancellor correctly determined that appel-lee is not engaged in the business of operating apartment houses. The appellee, although he owns the apartment houses here concerned, does not take an active part in the management, but permits the Bonded Collection Agency, Inc., to have control of the premises and to do those things necessary for their continued operation. Such control is exercised in the name of the ap-pellee.
The city does not claim that the appellee is a person managing apartment houses. The position of the city is that the appellee is a person engaged in the business of operating apartment houses.
The rule is well established that statutes providing for taxation are to be construed strictly as against the state and in favor of the taxpayer. Florida National Bank of Jacksonville v. Simpson, Fla.1952, 59 So.2d 751, 758, 33 A.L.R.2d 581. This principle has often been applied to city ordinances requiring licenses to engage in certain businesses. State ex rel. Dawes v. Nelson, 155 Fla. 399, 20 So.2d 394. The effect is to prevent the taxation of any individual or activity unless it clearly appears such person or activity belongs to a class made subject to the tax by legislative authority.
It is important that the ordinance does not tax the ownership of apartment houses. By virtue of this fact, those things which the owner does, as owner, cannot be *769 said to be indicia of a business of operating apartment houses. The fact that the owner (1) receives the net rents; (2) pays the cost of maintenance and repairs and (3) has liability insurance, cannot be said to indicate that he is in the business of operating apartment houses because these things which the owner does are activities attributable to his ownership. It is agreed that he, the owner, has delegated to an organization the actual management of the apartment houses. This manager (1) collects gross rents; (2) signs leases; (3) sets rents with the agreement by the owner; (4) contracts for maintenance and repairs and (5) generally oversees the property. The city suggests that in doing these things, which are the indicia of the business of operating apartment houses, the organization known as Bonded Collection Agency, Inc., is merely the agent of the actual operator, the owner. We need not consider whether an owner who operates through an agent is engaged in a business of operating apartment houses, because that question is not presented on the record here. It conclusively appears that the Bonded Collection Agency, Inc., operates, in this instance, as an independent contractor.
Under these circumstances we hold that the chancellor correctly found that the city failed to prove that the taxing ordinance requires the payment of a license tax by the appellee Schonfeld.
Affirmed.
CARROLL, J., dissents.