PER CURIAM.
The City of Miami appeals from a summary final decree for Abe Schonfeld, plaintiff below.
The summary final decree permanently restrained the City from arresting or prosecuting the plaintiff for any alleged violation of a city ordinance, insofar as his ownership of three apartment house buildings were concerned, “unless plaintiff shall become the operator of said apartment houses.”
These parties were before us on a previous occasion [City of Miami v. Schonfeld, Fla.App.1961, 132 So.2d 767] involving the interpretation of the City ordinance then in effect, which read in part as follows:
“Every person engaged in or managing any business, profession or occupation referred to in section 35-26 of this Code, in the City, is required to procure a city license as herein provided on or before October first of each year. * * * ”
(Emphasis supplied.)
Our decision held that an owner under a set of facts similar to these herein was not engaged in the business of operating apartment houses within the city.
Subsequent to that opinion, the City passed and adopted the present ordinance, here in question:
“As a condition precedent to engaging in or operating, in the city, any business, profession or occupation, referred to in Section 35-26 of this Code, whether as owner, agent, manager, or operator, a license must be procured from the city, as herein provided, on or before October first of each year. (Emphasis supplied)
“Such condition precedent shall apply, separately and severally, to each place or location, where any such business, profession or occupation will be engaged in or operated, regardless of the capacity in which the person or legal entity, engaging in or operating such business, profession or occupation, shall act, whether as owner, agent, manager or operator.
“Nothing in this section shall require the issuance of more than one license to more than one person or legal entity to-engage in or operate any one business, profession or occupation, under the same ownership or control at any place or location.” (Emphasis supplied)
It is agreed that Schonfeld is the owner of the apartment buildings. The City has conceded that there was no genuine issues of material facts which would preclude the entry of the summary final decree, but asserts that it was improperly entered, as a matter of law.
The essence of the lower court’s ruling is that the present city ordinance does not apply to persons who are only proven to-be “owners” of apartment buildings in Miami, Florida, and who are not proven to-be operators or engaged in the business.
The significant difference between the old ordinance and the new is the addition of the words “engaging in or operating, in-the city, any business, profession or occupation, * * * whether as owner,”, etc.
We do not believe that the words, “engaging in or operating any business” en *561 compass a person who is shown to he merely the owner of apartment buildings, but who is not shown to be engaging in or operating them as businesses. The ordinance does not seek to impose an occupational license tax on mere owners simply because they own a business, but rather on those who are engaged in or operating a business within the City of Miami, which latter group might include some owners.
No purpose would be done by going into a lengthy discussion of the difference between the words “owner” and “engaging in or operating any business.” The clear import of the language is, in our opinion, sufficient to justify the entry of the summary final decree by the trial court.
No reversible error having been clearly demonstrated, the final decree herein appealed is
Affirmed.