376 So.2d 421 (1979)
Arthur SMITH, D/B/a Sidney W. Smith & Sons, Appellant,
v.
DEPARTMENT OF REVENUE, State of Florida, Appellee.
No. 79-198.
District Court of Appeal of Florida, Third District.
October 23, 1979.
Rehearing Denied November 29, 1979.
Kuvin, Klingensmith & Lewis and R. Fred Lewis, Miami, for appellant.
Jim Smith, Atty. Gen., and E. Wilson Crump, II, Asst. Atty. Gen., for appellee.
Before PEARSON and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The controlling question on this appeal is whether the sale of gold Krugerrands[1] was properly held to be subject to the Florida sales tax.[2] The question arose in the trial court when the appellant, Arthur Smith, d/b/a Sidney W. Smith & Sons, brought an action for declaratory relief against the Department of Revenue of the State of Florida. By his complaint, he sought a declaration that the sale of South African Krugerrands is not subject to the Florida sales and use tax, inasmuch as the Krugerrand is an official coin of the Union of South Africa. The State answered the complaint, admitting many of the allegations and denying others. The cause went to trial on the issue of whether the sale of these coins was properly taxable as a sale of tangible property. The trial judge held that the sale of Krugerrands is taxable as a sale of tangible property. Based upon the testimony presented to him, the judge made the following findings of fact:
"1. That the gold Krugerrand is a unique gold coin without a fixed value and which cannot be viewed in the subject transactions as being true legal tender of South Africa, notwithstanding its designation as such by statute.
"2. That the Krugerrand is not used and freely circulated as coinage/currency since its value would diminish by the loss of gold content.
"3. That the primary purpose of minting gold Krugerrands is for sale of gold in an attractive and convenient form *422 rather than as gold bullion requiring assaying.
"4. That gold Krugerrands, when sold in the State of Florida, are properly to be deemed tangible property subject to Florida sales tax as provided by statute."
On this appeal, Smith urges a reversal of the trial court's determination and presents a single point for our consideration:
"WHETHER THE DIRECTOR OF THE SALES TAX DIVISION OF THE DEPARTMENT OF REVENUE MAY IMPOSE A SALES TAX UPON THE LEGAL TENDER OF A SOVEREIGN FOREIGN NATION PURSUANT TO F.S. CHAPTER 212?"
Since this point is a virtual restatement of the issue which was tried by the trial court, our examination of the record must be limited to the question of whether the record contains evidence sufficient to support the decision of the trial court. If the record supports the findings of fact of that decision, the only additional inquiry is whether the law supports the relief granted upon those facts. See the principle of law in Hamilton v. Title Insurance Agency of Tampa, Inc., 338 So.2d 569, 572 (Fla. 2d DCA 1976).
We believe that this appeal must be decided upon the language of the statutes which the State maintains authorized the levying of the tax. In this connection, it must be borne in mind that taxation statutes are to be construed strictly so that the tax is levied only against those the legislature clearly intended to be taxed.[3] See the rule in State Department of Revenue v. Peterson Outdoor Advertising Company, 296 So.2d 120 (Fla. 1st DCA 1974); and City of Miami v. Schonfeld, 132 So.2d 767 (Fla. 3d DCA 1961).
The State urges that Section 212.05, Florida Statutes (1977), authorizes a tax upon tangible personal property.[4] In addition, the State points out that Section 212.02(12) defines "tangible personal property."[5] The statutory definition for tangible personal property refers to "... intangibles as defined by the intangible tax law of the state;" i.e., Section 199.023(1), Florida Statutes (1977). "Intangible personal property" is specifically said to include "money"[6] and, therefore, is not to be taxable as tangible property.
The State urges that the use of the term money means only United States money and that the definition cannot be said to include money which is a bullion-type coin, such as the Krugerrand. No case law is cited to this court for a distinction between foreign and United States money in determining whether the former is tangible or intangible personal property. A search of this record furnishes no basis for the drawing of such a distinction. The trial judge, in making his findings, has pointed out certain facts which would influence a decision to allow taxation of the sale of Krugerrands *423 as a commodity exchange if such an interpretation were the determining factor of the right to tax. The question of the classification of property for taxation must rest upon the statutes which authorize such taxation. See the rule in State ex rel. Murray v. Wood, 132 Fla. 325, 181 So. 381, 383 (1938); and City of Miami v. Schonfeld, 132 So.2d 767 (Fla. 3d DCA 1961). In the present instance, the court was not in a position to determine that a certain transaction was a commodity transaction rather than a money transaction but was faced with the abstract proposition of whether Krugerrands were in every case subject to taxation because of the peculiarities of their gold content and markings. The effect of the trial court's judgment as between these parties is that the sale of Krugerrands is ordinarily taxable. We reverse that judgment upon a holding that the record and the applicable statutes do not support such a holding.
Accordingly, the declaratory judgment entered by the trial court is reversed and this cause is remanded for the entry of a judgment in accordance with the view herein expressed.
Reversed and remanded.
NOTES
[1] The "Krugerrand" is a coin (legal tender) of the sovereign state of the Union of South Africa, minted by that government, containing exactly one troy ounce of pure gold, bearing no imprinted denomination of amount, thereby achieving its worth primarily through the value of the weight and quality of its gold content.
[2] Florida sales tax is levied pursuant to Chapter 212, Florida Statutes (1977).
[3] See generally the cases cited at 31 Fla.Jur. Taxation §§ 56 and 60 (1974).
[4] "212.05 Sales, storage, use tax.  It is hereby declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this state, or who rents or furnishes any of the things or services taxable under this chapter, or who stores for use or consumption in this state any item or article of tangible personal property as defined herein and who leases or rents such property within the state. For the exercise of said privilege a tax is levied on each taxable transaction or incident ..."
[5] "212.02(12) `Tangible personal property' means and includes personal property which may be seen, weighed, measured, or touched or is in any manner perceptible to the senses, including electric power or energy, boats, motor vehicles as defined in s. 320.01(1), aircraft as defined in s. 330.01, and all other types of vehicles. The term `tangible personal property' shall not include stocks, bonds, notes, insurance, or other obligations or securities; intangibles as defined by the intangible tax law of the state; or pari-mutuel tickets sold or issued under the racing laws of the state."
[6] "199.023(1) `Intangible personal property' means all personal property which is not in itself intrinsically valuable, but which derives its chief value from that which it represents, including, but not limited to, the following:

"(a) Money, including, without limitation, United States legal tender, certificates of deposit, cashier's and certified checks, bills of exchange, drafts, the cash equivalent of annuities and life insurance policies, and similar instruments ..."