KAHN, Judge.
This case presents a challenge to the constitutionality of sections 87, 88 and 89 of Chapter 90-132, Laws of Florida, subsequently codified as § 561.501, Florida Statutes (1990 Supp.). Appellants, consisting of several corporations holding retail alcoholic beverage licenses, denominated pursuant to Rules 7A-1.008, Florida Administrative Code, as consumption on premises (COP) licenses, as well as two other interest groups, take issue with the following language of the legislative enactment:
Notwithstanding s. 561.50 or any other provision of the Beverage Law, a surcharge of 10 cents is imposed upon each ounce of liquor and each 4 ounces of wine, and a surcharge of 4 cents is imposed on each 12 ounces of beer sold at retail for consumption on premises licensed by the division as an alcoholic beverage vendor.
The circuit court entered final summary judgment in favor of the Department of Business Regulation, Division of Alcoholic Beverages (Division), holding that the statute has a rational basis, does not unconstitutionally deny the protection to COP licensees, does not constitute an unlawful delegation of legislative authority, and finally does not deny due process. We are similarly unable to find that the statute suffers from the constitutional infirmities urged by appellants.
*645 Appellants rely very heavily upon the Illinois state court decision of North Scheffield, Inc. v. City of Chicago, 144 Ill.App.3d 913, 98 Ill.Dec. 589, 494 N.E.2d 711 (1st 1986). In North Scheffield, the city of Chicago sought to impose an alcoholic beverage tax on the sale of beverages for consumption on the premises, with the tax computed on the number of ounces of alcohol sold. The Illinois appellate court found that the tax created a classification which was arbitrary, discriminatory and unrelated to the ostensible purpose of the ordinance so as to violate the beverage seller’s right to equal protection.
The Division finds a fundamental difference in the way Florida classifies vendors of alcoholic beverages, when compared to Illinois. Specifically, asserts the Division, Florida has long classified such vendors differently for licensing purposes into categories of off-premise and on-premise liquor licensees. Furthermore, argues the Division, the Illinois Constitution contains a provision requiring that any “tax be uniform with the class upon which it operates” (Illinois Constitution 1970, Art. IV, Section 2). Since Florida has already chosen to categorize licensees into two classifications, the Division questions why a Florida court would follow the Illinois decision as precedent.
We are disinclined to follow the Illinois decision. First, the differences pointed out by the Division do in fact exist. Second, and probably more important, the Florida Supreme Court has rather firmly refused to toss out revenue measures simply because seemingly identical items are classified differently for tax purposes depending upon ultimate use, destination, vendor, purchaser and the like. Gaulden v. Kirk, 47 So.2d 567 (Fla.1950); Pedersen v. Green, 105 So.2d 1 (Fla.1958); Eastern Air Lines Inc. v. Dep’t of Revenue, 455 So.2d 311 (Fla.1984), app. dismissed, 474 U.S. 892, 106 S.Ct. 213, 88 L.Ed.2d 214 (1985).
Appellants next point to Castlewood Int’l Corp. v. Wynne, 294 So.2d 321 (Fla.1974), and In re: Advisory Opinion to the Governor, 509 So.2d 292 (Fla.1987), to bolster their claim of discriminatory classification and lack of rational relationship to the purpose of the enactment.
In Castlewood, the Supreme Court struck down a statutory requirement that sales of beer and wine to vendors be for cash only, while sales of liquor could be on a credit basis. Initially, we would note that Castlewood was not concerned with an exercise of the state’s power to tax. As the Division correctly points out, the courts have traditionally accorded the legislature broader deference in the enactment of tax legislation than in the area of police power regulation. That being the case, the Supreme Court found itself compelled to find that no rational basis was shown for different credit regulations imposed upon similarly situated vendors of intoxicating beverages.
In re: Advisory Opinion to the Governor dealt with Florida’s short-lived sojourn into the area of a service tax. The Division does not take issue with the test enunciated in that case:
Although the state must adhere to the principles of due process and equal protection when exercising its taxing power, those principles do not impose an ironclad rule of equality. The state must be allowed the flexibility and variety appropriate to taxation schemes. Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974). Accordingly, the state is accorded a wide range of discretion when classifying for taxation purposes, provided that the classification is reasonable, nonarbitrary, and rests on some ground of difference having a fair and substantial relation to the object of the legislation.
509 So.2d at 303.
This court is not authorized to pass upon the wisdom of a revenue enactment. Neither is the court in a position to second guess the political motivations of the legislature. The burden upon one mounting a facial invalidity attack upon a taxation measure is substantial.
In Gaulden, supra, the Supreme Court stated:
Every presumption is in favor of the constitutional validity of an act of the *646 legislature; ... the burden is upon one who challenges the constitutionality of a law to make its invalidity clearly apparent. ...
47 So.2d at 571-572.
In Eastern Air Lines Inc. v. Department of Revenue, supra, the Supreme Court propounded an even more exacting standard:
When the state legislature, acting within the scope of its authority, undertakes to exert the taxing power, every presumption in favor of the validity of its action is indulged. Only clear and demonstrated usurpation of power will authorize judicial interference with legislative action. Walters v. City of St. Louis, 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660 (1954). In the field of taxation particularly, the legislature possesses great freedom in classification. The burden is on the one attacking the legislative enactment to negate every conceivable basis which might support it. Madden v. Kentucky, 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940); Just Valuation & Taxation League, Inc. v. Simpson, 209 So.2d 229, 323 (Fla.1968). The state must, of course, proceed upon a rational basis and may not resort to a classification that is palpably arbitrary. Department of Revenue v. AMREP Corp., 358 So.2d 1343, 1349 (Fla.1978). A statute that discriminates in favor of a certain class is not arbitrary if the discrimination is founded upon a reasonable distinction or difference in state policy. Allied Stores v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959).
455 So.2d at 314.
Clearly, the court has a limited role in reviewing a tax, particularly where the tax does not on its face impede a basic constitutional freedom or guarantee. We adhere to the principle that taxation is a legislative function and decline to engage in conjecture as to whether means exist by which the legislature might have better, or even more fairly, accomplished its end of raising revenue. In many instances Florida courts have upheld a classification for taxation among what would appear to be essentially identical commodities. Gaulden v. Kirk, supra (legislature could properly exempt from tax on rental income owners of two-family apartments and those who rented for a period of six months or longer); Pedersen v. Green, supra (stale bread used to feed animals did not qualify as tax exempt as a general grocery, and fertilizer used by a zookeeper in a grazing meadow would not be exempt as a fertilizer used on crops or grains); Eastern Air Lines v. Dep’t of Revenue, supra (pro-ration upon tax for fuel purchased by vessels and railroads, but not airlines, not an arbitrary classification); Smith v. Dep’t of Revenue, 376 So.2d 421 (Fla. 3d DCA 1979) (sale of Krugerrand, unlike similar amount of gold bullion, not taxable since it was official coin).
Holders of COP licenses and licenses for package store sales only are already treated differently in many regards by the statutes governing the sale of alcoholic beverages. In one obvious regard, COP licensees enjoy an economic benefit. They are privileged, by their licensee status, to serve alcoholic beverages by the drink, at their place of business. We are unable to say that it not a proper legislative prerogative to impose different burdens upon licensees in recognition of the already well-defined historical classification in Florida. We find it unnecessary to surmise exactly what reasonable grounds the legislature had in mind for determining that a different burden should be placed on a COP licensee. The historically different treatment is so well ensconced in this state, an inquiry at this point would serve no useful purpose. As the Division points out, the state of facts would be presumed if any scenario can reasonably be conceived that will sustain the classification. Lewis v. Mathis, 345 So.2d 1066, 1068 (Fla.1977).
Appellants’ final challenge is to the penalty provisions contained in § 561.501(2), Florida Statutes (1990 Supp.). We decline to reach this issue, since appellants have not presented the court with any application of the enforcement provisions of the act. We are unable to say that the act on its face imposes a constitutionally prohibit *647 ed excessive fine under Article I, sec. 17 of the Florida Constitution. See Dominion Land & Title Corp. v. Dep’t of Revenue, 320 So.2d 815 (Fla.1975) (imposition of a 100% penalty due to an inadvertent failure to affix documentary stamp tax to a deed was upheld).
We conclude that the legislative enactment placing a surcharge upon liquor, wine and beer sold at retail for consumption on premises licensed by the Division as an alcoholic beverage vendor satisfies the standards of constitutionality properly applied in this state to a revenue measure. Accordingly, the judgment of the circuit court is affirmed.
SMITH and WIGGINTON, JJ., concur.