The Honorable Alicia L. Salisbury State Senator, Twentieth District 1455 S.W. Lakeside Drive Topeka, Kansas 66604-2556
Dear Senator Salisbury:
You request our opinion regarding certain provisions of the liquor control act that appear to discriminate between different categories of liquor licensees. Specifically, you question whether allowing club and drinking establishment licensees to sell liquor on credit while prohibiting liquor store owners from doing so is violative of the equal protection clause in the fourteenth amendment to the United States constitution.
K.S.A. 1992 Supp. 41-717(a) provides:
 "No person shall sell or furnish at retail and no microbrewery or farm winery shall sell to any consumer any alcoholic liquor on credit; on a passbook; on order on a store; in exchange for any goods, wares or merchandise; or in payment for any services rendered. If any person extends credit in violation of this subsection, the debt attempted to be created shall not be recoverable at law."
The phrase "sell at retail" is defined at K.S.A. 1992 Supp. 41-102(y), and specifically does not include sales by a licensed club, drinking establishment, caterer or holder of a temporary permit. K.S.A. 1992 Supp. 41-102(y)(2). [Similar provisions for retail sale of cereal malt beverages and wholesale transactions are located at K.S.A. 1992 Supp.41-2706 and 41-702 respectively.] So it appears that while licensed retailers who sell packaged liquor are precluded from selling on credit, licensed club and drinking establishment owners are not so precluded. Disparate treatment, however, is not necessarily violative of the equal protection clause.
The principal of equal protection is not offended simply because the exercise of power may result in some inequality. Manzanares v. Bell,214 Kan. 589, 609 (1974). It is only invidious discrimination which offends the equal protection clause. Ferguson v. Skrupa, 372 U.S. 726,83 S.Ct. 1028, 10 L.Ed.2d 93, 98 (U.S.Kan. 1963). Traditionally, absent a fundamental right or a suspect class, the yardstick for measuring equal protection arguments has been the rational basis test. Bair v. Peck,248 Kan. 824, 831 (1991). There is no suspect class involved in this situation and the United States Supreme Court has held that there is no inherent right in a citizen to sell intoxicating liquors at retail.Crowley v. Christensen, 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620 (1890). We therefore apply the rational basis test to the distinction at hand. "Under this test, the court seeks only the assurance that the classification at issue bears some fair relationship to a legitimate public purpose." Ferguson v. Garmon, 634 F. Supp. 335 (D.Kan. 1986).
"In its comprehensive scheme of regulating, licensing and taxing alcoholic liquor from the time of its manufacture or importation into the state until its ultimate sale by a licensed retailer for use and consumption, the manifest purpose of the legislature was to channelize the liquor traffic; to minimize the commonly attendant evils; also to facilitate the collection of revenue." State v. Payne, 183 Kan. 396, 402
(1958). There is no question that among the "commonly attendant evils" are alcoholism and intoxication. One distinction between on and off-premise consumption sales which is related to lessening the effects of intoxication is that licensees who sell liquor by the drink for consumption on the premises may also sell food items, whereas retailers licensed to sell liquor for off-premise consumption may not. K.S.A. 1992 Supp. 41-308. Prohibiting credit sales of liquor in on-premise locations would significantly complicate payment and accounting procedures, requiring separation of food sales from liquor sales, and discourage food consumption. These concerns do not exist with package sales for off-premise consumption. Further, the no-credit concept tends to limit the quantity of liquor an individual may purchase at any one time (and more likely to what can be afforded), which also is related to lessening the effects of alcoholism and intoxication. An individual patronizing a club or drinking establishment is inherently limited by the fact that the licensee may only sell liquor for on-premise consumption; an individual may buy no more than may be consumed during that visit. Additionally, licensees are prohibited from selling to intoxicated persons, K.S.A.41-715, further limiting the amount an individual may purchase on any given occasion at a club or drinking establishment. Finally, the no credit provision tends to prevent quantity purchases of liquor which may then be resold illegally. This concern does not exist with the sale of liquor by the drink for on-premise consumption. There may be other reasons for the distinction which have not been discussed.
The histoical differences between the two types of licensees and the existence of legitimate reasons for distinction arguably justify the disparate treatment. A well established rule relating to legislative enactments is that "[t]he constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution. In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it and if there is any reasonable way to construe the statute as constitutionally valid, that should be done." State ex rel. Schneider v. Kennedy, 225 Kan. 13,20-21 (1978); State ex rel. Stephan v. Martin, 230 Kan. 759, 760 (1982). The legislature is given even greater leeway with regard to liquor control in view of the twenty-first amendment to the United States constitution, authorizing states to prohibit or regulate the importation and transportation of intoxicating liquors. While the United States Supreme Court has held that the twenty-first amendment does not have sufficient strength "to defeat an otherwise established claim of invidious discrimination in violation of the Equal Protection Clause" [Craig v. Boren, 429 U.S. 190, 50 L.Ed.2d 397, 97 S.Ct. 451 (1976); Cityof Baxter Springs v. Bryant, 226 Kan. 383, 391 (1979)], it has also stated that "the case for upholding state regulation in the area covered by the Twenty-first Amendment is undoubtedly strengthened by that enactment." California v. La Rue, 409 U.S. 109, 34 L.Ed.2d 342,93 S.Ct. 390 (1972). See also Colby Distributing Co. v Lennen,227 Kan. 179, 189 (1980). In light of these rules of construction, we cannot say that the distinction drawn by K.S.A. 1992 Supp. 41-717 is completely devoid of any rational basis and therefore we cannot find it violative of the equal protection clause. See People Against Section561.501, Inc. v. Dept. of Business Regulation, Div. of AlcoholicBeverages and Tobacco, 587 So.2d 644, 646 (Fla. 1991).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm