BOOTH, Judge,
dissenting in part and concurring in part.
I respectfully dissent, and would affirm the trial court’s holding that section 9 of chapter 90-310, Laws of Florida, violates article III, section 11(a)(2) of the Florida Constitution prohibiting local laws relating to the assessment of taxes for state purposes. In all other respects, I would concur with the majority.
Section 370.07(3), Florida Statutes, provides a surcharge of 50 cents “on each bag of oysters to be paid by the wholesale dealer first receiving, using, or selling oysters after harvesting from the waters of Apalachicola *647 Bay.” There is no equivalent surcharge imposed on any of the other more than 54 shellfish harvesting areas or on the other 19 harvesting areas having commercial landings for oysters in the state.
The trial court granted appellee’s motion for summary judgment, declaring chapter 90-310 unconstitutional on a number of grounds, including the ground pertinent to this dissent: violation of article III, section 11(a)(2), prohibiting local laws pertaining to the assessment or collection of taxes for state or county purposes. Three months after the trial court entered this order, this court decided State v. Leavins, 599 So.2d 1326 (Fla. 1st DCA 1992), holding the statute was not violative of article III, section ll(a)(20), prohibiting special laws relating to occupations regulated by a state agency, and article III, section 11(b), which prohibits unreasonable classifications of political subdivisions in general laws. In reaching these conclusions, this court relied principally on the importance to the state of the oyster industry centered upon Apalachicola Bay and held the challenged surcharge and other provisions of chapter 89-175, Laws of Florida, to be a valid exercise of the state’s police power. 599 So.2d at 1335-1337.
The pertinent holding of Leavins was that the Apalachicola Bay oyster tax, which is collected from seafood wholesalers dealing in Apalachicola Bay oysters, is not a local law relating to an occupation (seafood wholesaling) regulated by the state. The court’s reasoning was that a law will be considered general if it operates universally throughout the state or uniformly within a reasonable classification. Leavins holds that because the state has a paramount concern with the preservation of the oyster industry centered in Apalachicola Bay, the regulation of those dealing in Apalachicola Bay oysters was a reasonable exercise of the state’s police power. 599 So.2d at 1336.
As persuasive as Leavins may be on this point, Leavins must be distinguished since the question raised here was not there presented. The instant case challenges the statute as a local law relating to the assessment of taxes for state purposes and is therefore prohibited under article III, section 11(a)(2), of the Florida Constitution. A discriminatory classification can be upheld as necessary to the proper exercise of the police power, but will not stand as a basis for the unequal imposition of tax.
The State concedes that the statute is a revenue-raising measure. The tax is imposed for the stated purpose of providing[1].
[A] steady revenue source for oyster rehabilitation in the Apalachicola Bay by establishing ... an oyster surcharge to be used for oyster relaying, transplanting and shell planting.... These fees will also fund educational programs for licensed oyster harvesters on oyster biology, aquaculture, boating and water safety, small business management, and other relevant topics.
Moreover, chapter 90-310, section 9, does not, as the State contends, merely impose a tax on the privilege of conducting a particular type of business. Section 370.07(3), Florida Statutes (Supp.1990), entitled “Apalachicola Bay Oyster Surcharge,” provides that “there shall be assessed a surcharge of 50 cents on each bag of oysters[2] ... from the waters of Apalachicola Bay.” Wholesale dealers who do not buy and sell Apalachicola Bay oysters pay no tax, and those who deal in oysters from other areas as well as Apalachicola Bay are only required to pay the tax on oysters identified as being from Apalachicola Bay; all other oysters are exempt. Thus, the tax imposed is a tax on fungible goods or produce, to-wit: oysters, and it is limited to those oysters taken from Apalachicola Bay. Oysters from St. Andrews Bay in Bay County, for example, are not subject to the tax, giving those harvesting and dealing in Bay County oysters a competitive advantage over the harvesters and dealers in Franklin County.
*648 The Legislature enjoys broad discretion in formulating tax statutes. People Against 561.501 v. Department of Business Regulation, 587 So.2d 644 (Fla. 1st DCA 1991). However, the State has not cited, nor have we been able to find after extensive research, any authority for the Legislature to single out the produce of one area for taxation, while other like produce in other parts of the state are exempted from tax. To the contrary, in cases in which appellate courts have sustained such taxes, the tax has been imposed state-wide on all like produce. E.g., State Department of Citrus v. Griffin, 239 So.2d 577 (Fla.1970); C.V. Floyd Fruit Co. v. Florida Citrus Commission, 128 Fla. 565, 175 So. 248 (Fla.1937). To do otherwise unfairly burdens those persons who depend for their livelihood on the produce which has been subjected to taxation.
The State relies on subsection (f) of the statute, which provides that the Department of Revenue collect the oyster tax for transfer into the Apalachicola Bay Conservation Trust Fund for the benefit of Apalachicola Bay. The difficulty with this argument, however, is that the two provisions are not interdependent and the validity of the tax must be determined independently of the special purpose stated. This is a tax, not a police power exaction, and whether the funds collected go into the general revenue or into some special fund is not determinative of validity of the tax. There is nothing to prevent the Legislature from amending the statute in question to provide for another use of the funds that do not benefit the Apalachicola Bay.
What is presented here is a revenue-raising measure in the form of a tax on the produce of one area of the State. This tax is distinct from purely regulatory exactions or fees imposed for inspection and licensing that primarily support the regulatory purposes. See City of Daytona Beach Shores v. State, 483 So.2d 405 (Fla.1985); and City of Panama City v. State, 60 So.2d 658 (Fla.1952). This statute represents a significant departure from previous uses of the tax power which have been held reasonable.
I would affirm the trial court’s holding that chapter 90-310, section 9, Laws of Florida, contravenes the article III, section 11(a)(2) prohibition against local laws relating to the assessment of revenues for state purposes.

. House Analysis and Economic Impact Statement of the House of Representatives Natural Resources Committee, as revised by the Committee on Appropriations for House Bill No. 1545 dated May 25, 1989.

. Section 370.07(3)(a), Florida Statutes, provides, "For purposes of this section, ‘bag’ means an amount of oysters with shells weighing approximately 60 pounds."