454 So.2d 651 (1984)
CITY OF DAYTONA BEACH SHORES, Appellant,
v.
STATE of Florida, Appellee.
No. 83-263.
District Court of Appeal of Florida, Fifth District.
July 19, 1984.
Rehearing Denied August 22, 1984.
*652 Peter B. Heebner, of Van Wert, Heebner & Baggett, P.A., Daytona Beach, for appellant.
Lee R. Rohe, Dept. of Natural Resources, Tallahassee, for amicus curiae.
Jim Smith, Atty. Gen., and Bruce Barkett, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
DAUKSCH, Judge.
This is an appeal from a final declaratory judgment entered January 28, 1983, and a permanent injunction prohibiting the City of Daytona Beach Shores from charging a user fee for vehicular traffic on its beaches.
On August 13, 1982, the State of Florida, through the State Attorney filed a complaint seeking a declaratory judgment and permanent injunction prohibiting the City of Daytona Beach Shores from enacting a toll for vehicular traffic on the city's beaches. On June 9, 1982, the city enacted Ordinance 82-14 providing for a beach ramp toll for vehicles entering the Atlantic Ocean beach through existing beach ramps or through the northerly boundary of the city. The state requested a preliminary injunction and a hearing was held August 23, 1982. On September 1, 1982, the trial judge issued a preliminary injunction which provided that the City of Daytona Beach Shores would be enjoined from exacting any toll from any person or vehicle, traveling, or using the Atlantic Ocean beach within its boundaries, upon entering any areas of access. A trial was held and the court entered its final declaratory judgment striking down the ordinance. Furthermore, the previously entered preliminary injunction was made permanent. It is from this judgment that the city appeals.
The facts pertinent to the issues on appeal are as follows. The City of Daytona Beach Shores is a Florida municipal corporation which was chartered in 1967. The Charter acts as a grant of power to the city pursuant to the Municipal Home Rule Powers Act, Section 166.011, Florida Statutes. Section (35) of the City's Charter provides with regard to beach businesses that the city has the power to:
control and regulate the ocean beach lying within the corporate limits of the City, including the power to restrict, limit, regulate, license, franchise, tax or prohibit the use of the ocean beach for business, occupations or professions. The use of the public ocean beach for public recreational purposes is hereby declared to be paramount to its use for any other purpose.
The City Charter also extends the municipal boundaries two miles easterly into the Atlantic Ocean.
On June 9, 1982, the city passed Ordinance 82-14 providing for a beach ramp toll within its municipal boundaries. At the time this ordinance was passed the cities of Ponce Inlet and New Smyrna Beach also had ramp tolls on their respective beaches. The City of Daytona Beach Shores ordinance stated that it was passed to establish a user charge for the use of the vehicle beach ramps to gain access to the Atlantic Ocean beach within its city limits. Furthermore, the ordinance contained the following findings in support of the fees:
(1) The City Council of the City of Daytona Beach Shores has determined that a clean, safe and attractive beach is necessary for the health, welfare and safety of the citizens of Daytona Beach Shores.
(2) The City Council has considered the increase in cost of providing police protection, clean-up service, beach ramp maintenance, capital improvements, and *653 similar services to the increasing members of the general public utilizing the Atlantic Ocean beach.
(3) The expense of these services is being borne largely through taxes upon property within the City, while the need for such services is being generated by users who do not share in the costs.
(4) The City Council desires to continue and improve the services being provided to all beach users and to provide capital improvements for the future enjoyment and cleanliness of the Atlantic Ocean beach.
The ordinance imposed a fee of $2.00 per vehicle on all vehicles entering the beach at existing beach ramps and through the northerly boundary of the Atlantic Ocean beach to be levied during holidays and weekends. The toll was $1.00 during the week. The duration of the toll would be from March 1 through Labor Day each year. A season permit could be obtained for a $15.00 fee if purchased during the season but a $7.50 charge would be imposed if the purchaser bought the permit between January and March. The ordinance provided further that the use of funds generated by the toll, after deducting for direct costs, would be used to reduce the general fund budget expenses for existing beach-related services, for law enforcement, fire and rescue, and public works. The remaining funds would be utilized for future beach improvements such as permanent comfort stations, improved pedestrian access, acquisition of off-beach public parking and landscaping.
The record reflects that 217 feet of the beach was being barricaded by the city for purposes of collecting the toll and of this distance, twenty-three feet was below the mean high water mark. Revenues from the beach toll were kept in a separate enterprise fund with a local bank. The city presented evidence as to the financial needs of the city to generate revenue to pay for beach-related costs. It was estimated that beach-related expenses to the city approximates $125,000.00 a year. In addition, a representative from the Department of Transportation testified that the Dunlawton ramp and the Atlantic Ocean beach were functionally classified as local roads by the Department and, therefore, both are considered to be under the exclusive control of the City of Daytona Beach Shores pursuant to Section 335.04, Florida Statutes.
In reaching its decision to grant the state's request for a declaratory judgment and permanent injunction, the trial court made the following findings of fact and conclusions of law:
(1) The City of Daytona Beach Shores has exclusive jurisdiction over the Dunlawton ramp and the Atlantic Ocean beach, which are both functionally classified by the Florida Department of Transportation as local roads. Title to these roads has been transferred to the municipality by virtue of Section 337.29(3), Florida Statutes.
(2) The foreshore in the city is a "road right-of-way" that is specifically excluded from the lands under control of the Trustees of the Internal Improvement Trust Fund as provided in section 253.03, Florida Statutes.
(3) Under the home rule provisions of the Florida Constitution and Florida Statutes, the city has the express power to charge user fees without prior legislative approval. However, once a street is publicly dedicated to free use by the public, the public's right to free use thereof vests, and the municipality may not thereafter impose a user fee for ordinary passage.
(4) Article X, Section 11, Florida Constitution imposes a public trust on the Atlantic Ocean beach between the ordinary high and low water marks which requires the public to have uninhindered free access to the foreshore which thereby supercedes any authority a municipality might have to charge a toll for access to the foreshore or wet sand area.
(5) As to the soft sand area, the beach ramp toll is not an appropriate governmental regulation and violates the public's quasi-prescriptive right to use the *654 dry sand area for recreational use which is an adjunct of the wet sand area. In addition, because of generations of use the public has earned the perpetual right to free use thereof without being subject to any sort of admissions charge, user fee, or toll.
We affirm the declaratory judgment and the permanent injunction but for the reasons set forth below. The trial judge below determined that the Atlantic Ocean beach is a municipal street and that title vests with the City of Daytona Beach Shores and not with the state. The state along with the Board of Trustees of the Internal Improvement Fund and Department of Natural Resources in its amicus brief, argues that the Atlantic Ocean beach is a state road and therefore only the state has control over it. Both of these positions miss the point.
The Atlantic Ocean beach is precisely what it is described to be  a beach. A beach is not a road. The fact that this particular beach is unique in that it can accommodate vehicular traffic does not change its inherent nature as a beach. Arguments pertaining to whether title to this right-of-way passed to the city during reclassification under the transportation statutes are without merit. Section 337.29(3), Florida Statutes by itself cannot provide a basis for alienating property which is constitutionally vested in the state of Florida. See Art. X, § 11, Fla. Const. (1968); State ex rel. Ellis v. Gerbing, 56 Fla. 603, 47 So. 353 (Fla. 1908) (sovereignty in tidal lands are held for the benefit of the people and that trust can never be wholly alienated).
Pursuant to Article VIII, section 2(b), of the Florida Constitution, a municipality is vested with government, corporate and proprietary powers to enable it to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law. See also § 166.021, Fla. Stat. A municipal purpose means any activity or power which may be exercised by the state or its political subdivision. Moreover, the legislature has specifically removed any judicially imposed limitations which serve to limit the exercise of proprietary powers by a municipality. See § 166.021(4), Fla. Stat. Therefore, the city is vested with both police and regulatory powers which includes the power to impose a user fee for certain municipal services. The question presented then becomes whether the City of Daytona Beach Shores, which has both the power to police and regulate areas within its municipal boundaries, has validly exercised its constitutionally vested authority in enacting this ordinance providing for a user fee for vehicles using beach ramps to gain access to the Atlantic Ocean beach. We hold that the city has not properly exercised its authority.
It is undisputed that the city, as a valid exercise of its police power, has the authority and the duty to regulate vehicular traffic on the Atlantic Ocean beach. See Ralph v. City of Daytona Beach, 412 So.2d 875 (Fla. 5th DCA 1982) (Fla. 1983), rehearing pending; Town of Atlantic Beach v. Oosterhout, 127 Fla. 159, 172 So. 687 (Fla. 1937) (municipality can lawfully regulate vehicular traffic on its beaches by prohibiting all vehicles during the summer bathing season). Although the ordinance states that the City Council has determined that "a clean, safe and attractive beach is necessary for the health, welfare and safety of the City of Daytona Beach Shores," this beach ramp toll is not an exercise of the city's police power. The regulation of traffic and the law enforcement aspects of the ordinance are only remotely implicated by this ordinance.
The ordinance also cannot be considered a valid exercise of the city's regulatory powers because it represents a purely revenue raising measure for underwriting various governmental activities and, as such, is not regulation. But see Nichols v. City of Jacksonville, 262 So.2d 236 (Fla. 1st DCA *655 1972) (imposition of a toll to control vehicular traffic was held to be valid exercise of city's regulatory power). If the ordinance only sought to regulate and police vehicular traffic rather than imposing a user charge for vehicles using the beach ramps, and then applying those revenues to underwrite city-wide services, the ordinance might withstand attack. Instead, the ordinance pays for municipal services from police protection and fire and rescue services to capital improvements.
The ordinance also must fail as a user fee because the monies collected are not designed to pay for only beach-related municipal services caused by vehicular use. The record reflects that city-wide services are benefited by the revenues collected and therefore drivers of vehicles on the beach are asked to subsidize governmental activities unrelated to the purpose for which they are charged. Furthermore, drivers of vehicles are asked to pay the entire cost of beach related clean-up expenses when they are only partly responsible for the problem. This unjustly discriminates against those persons who decide to drive to the beach rather than walk there. In light of the fact that there are so few municipal parking spaces anywhere but on the beach, people are forced to drive their automobiles on the beach as one of the only means of access.
We are mindful of the difficult problem facing small municipalities who have assumed a duty to provide municipal services on the Atlantic Ocean beach. However, this does not give a city the right to have one segment of its beach-going population bear the entire burden of beach-related expenses.
The City of Daytona Beach Shores Ordinance 82-14 is not a valid exercise of its police or proprietary powers and therefore we affirm the declaratory judgment and permanent injunction.
AFFIRMED.
SHARP and COWART, JJ., concur.