483 So.2d 405 (1985)
CITY OF DAYTONA BEACH SHORES, etc., Petitioner,
v.
STATE of Florida, Respondent.
COUNTY OF ST. JOHNS, et al., Appellants,
v.
BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND, Appellee.
Nos. 65,912, 66,700.
Supreme Court of Florida.
December 12, 1985.
Rehearing Denied March 12, 1986.
*406 Peter B. Heebner of van Wert, Heebner, Baggett, Bohner and Prechtl, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for respondent.
Lee R. Rohe, Asst. Gen. Counsel, Tallahassee, amicus curiae for Bd. of Trustees of the Internal Improvement Trust Fund and Dept. of Natural Resources State of Fla.
Lester A. Lewis of Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, amicus curiae for Town of Ponce Inlet.
C. Allen Watts of Fishback, Davis, Dominick, Bennett, Owens & Watts, Daytona Beach, amicus curiae for City of New Smyrna Beach.
Robert W. Elton of Wells, Revis, Vedder and Elton, Daytona Beach, amicus curiae for Sons of The Beaches, Inc. and No Ramp Toll Committee.
James G. Sisco, St. Augustine, for County of St. Johns.
David C. Conn, St. Augustine, for City of St. Augustine Beach.
Lee R. Rohe, Asst. Gen. Counsel, Dept. of Natrual Resources, Tallahassee, for appellee.
OVERTON, Justice.
These consolidated cases concern the validity of beach "user fees" charged drivers of motor vehicles for entry onto the Atlantic beaches within the jurisdictions of the City of Daytona Beach Shores, St. Johns County, and the City of St. Augustine Beach. The City of Daytona Beach Shores seeks review of the Fifth District Court of Appeal's decision in City of Daytona Beach Shores v. State, 454 So.2d 651 (Fla. 5th DCA 1984), which we find conflicts with Nichols v. City of Jacksonville, 262 So.2d 236 (Fla. 1st DCA 1972). In County of St. Johns v. Board of Trustees of the Internal Improvement Trust Fund, No. 85-279, the Fifth District Court of Appeal certified the trial court judgment as being of great public importance requiring immediate resolution by *407 the Supreme Court. We have jurisdiction. Art. V, §§ 3(b)(3) and (4), Fla. Const. We quash the district court's decision in City of Daytona Beach Shores, reverse the certified trial court judgment in County of St. Johns, and find that no constitutional provision impedes the imposition of reasonable user fees for access to sovereign lands when the revenue received is used solely for the maintenance, operation, and improvement of those lands. We note that the taxpayers have paid the expenses incurred in both of these government-versus-government actions, which arose when the State of Florida, through the state attorney and the Board of Trustees of the Internal Improvement Trust Fund, sought trial court orders enjoining these local governments from collecting beach user fees from motor vehicles. Each of these governmental entities is controlled by the legislature, which, in its 1985 session, has expressly resolved the primary issue presented in this case. See ch. 85-55, Laws of Fla.
The following are the circumstances that bring each of these actions before the Court.

City of Daytona Beach Shores
In 1982, the City of Daytona Beach Shores passed an ordinance providing for the imposition of a beach user fee within its municipal boundaries. The city council determined that the fee was necessary as a result of the "increase in cost of providing police protection, clean-up service, beach ramp maintenance, capital improvements, and similar services to the increasing members of the general public utilizing the Atlantic Ocean beach." The ordinance restricted the expenditure of the funds to payment of existing beach-related services, law enforcement, fire and rescue services, and public works, and provided that any excess would be used for future beach improvements.
The state attorney brought an action against the city, claiming it had no authority to impose such a fee. The trial judge agreed, holding that the fee restricts "the liberty of the public to unhindered free access to the navigable waters in the foreshore." The judge also found that the beach access fee is not a legitimate exercise of the city's power to regulate the beach. The district court of appeal affirmed on the grounds that the ordinance is an invalid exercise of the city's police powers and that "drivers of vehicles on the beach are asked to subsidize governmental activities unrelated to the purpose for which they are charged," and "to pay the entire cost of beach-related clean-up expenses." 454 So.2d at 655.

County of St. Johns and City of St. Augustine Beach
In adopting an ordinance providing for a fee of one dollar per motor vehicle for beach access during high use periods, St. Johns County Board of County Commissioners found that "approximately ninety-six percent of the people who use the county beaches during the days and hours that motor vehicle beach passes are required (the summer beach session) enter upon such beaches by means of motor vehicles driven and parked on county beaches." By its terms, the ordinance restricted the expenditure of these revenues to payment of a percentage of the beach costs attributable to motor vehicle use during the times the fees were charged. The trial court enjoined the collection of the fee, concluding that it was bound by the district court of appeal's decision in City of Daytona Beach Shores, particularly that portion of the opinion holding that such a fee discriminates against persons who drive, rather than walk, to the beach.

Validity of Beach User Fees
In oral argument, the state contended that local governmental entities have no constitutional or statutory authority to regulate motor vehicle access to the beaches or to charge a motor vehicle access fee. Subsequently, the 1985 Florida Legislature addressed that issue. Newly enacted section 161.58(2), Florida Statutes (1985), contained in chapter 85-55, Laws of Florida, provides:
Vehicular traffic, except that which is necessary for clean-up, repair, or public safety, or for the purpose of maintaining *408 existing authorized public accessways, is prohibited on coastal beaches. Notwithstanding the provisions of this subsection, the local government with jurisdiction over a coastal beach or part of a coastal beach, by a three-fifths vote of its governing body, may authorize vehicular traffic on all or portions of the beaches under its jurisdiction. Any such local government shall be authorized by a three-fifths vote to charge a reasonable fee for vehicular traffic access. The revenues from any such fees shall be used only for beach maintenance purposes.
(Emphasis added.) In view of this new legislation, we find it unnecessary to address the authority of these local governmental entities to impose such fees under other legislative acts and constitutional provisions.
We find the public trust doctrine, which declares that Florida's beach sovereignty lands must be accessible to the public, does not prohibit local governments from imposing reasonable user fees for motor vehicle beach access, so long as the revenue is expended solely for the protection and welfare of the public using that particular beach, as well as for improvements that will enhance the public's use of the sovereign property.
We must also address the district court's conclusion that the ordinance unjustly discriminates between motorists and pedestrians. This record reflects, through testimony, exhibits, and findings of the local legislative bodies, that a substantial majority of persons who use the beaches arrive on those beaches via motor vehicles.
In our view, the record conclusively demonstrates that permitting vehicles to drive onto the beach greatly facilitates the public's beach access, creating a need for public welfare services including sanitation, a lifesaving corps, and, particularly, traffic control for the vehicles. In fact, this Court recently noted in another context that the "mixture of cars and reclining persons" on a beach is "lethal" and held that a local governmental entity has a duty to warn beach users when there is inadequate supervision and control of those motor vehicles. Ralph v. City of Daytona Beach, 471 So.2d 1, 3 (Fla. 1985). The record further reveals that, because little other parking is available to the public, prohibiting motor vehicle access to the beaches would deny beach use to many and effectively restrict their use to beach residents. Under the circumstances of these cases, we find that a reasonable access fee charged motor vehicles creates a permissible classification.
Accordingly, we remand these cases to the district court with directions to remand to the trial courts to determine if (1) the beach access fees are reasonable and (2) the ordinances otherwise comply with the provisions of section 161.58, Florida Statutes, which became effective October 1, 1985.
It is so ordered.
ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Justice, dissenting.
Section 36 of chapter 85-55, Laws of Florida, created the Coastal Zone Protection Act of 1985, sections 161.52-161.58, Florida Statutes (1985). In the provision designated as section 161.58(2), the new law prohibits vehicular traffic on coastal beaches, except where authorized by the local government with jurisdiction by a three-fifths vote of its governing body. I find that the exception allowing for authorization of vehicular traffic by the local governmental body lacks a rational basis, is unconstitutional, and should be declared void.
The statute in question is an exercise of the legislature's power to enact laws for the protection and preservation of the public health, safety, and welfare. The provision allowing coastal zone municipalities and counties the option of permitting vehicular traffic on beaches has no reasonable relationship to that governmental objective. *409 I would hold that the legislature has no authority to delegate that responsibility and that the legislature's belated action prohibiting vehicular traffic on beaches, with the exception for the local option excised, is the only reasonable, rational, and constitutionally acceptable governmental response to the menace of such vehicular traffic.
In long-past times, before the advent of automobiles and before Florida's beaches began to be widely used for recreational purposes by huge populations, it may have been reasonable to allow vehicular traffic, i.e., horse-drawn wagons. But today, with the heavy use of our beaches by huge crowds of people, allowing vehicular traffic is so deleterious and threatening to human life that the only rational response is to prohibit such traffic.
Regardless of any legal arguments pertaining to sovereignty lands or lands held in public trust, the legislature, as the sovereign lawmaking authority, has not only the power but the duty to regulate the use of beaches. And only an absolute prohibition on use of motorized vehicles on beaches survives the constitutional rational basis test.
In areas of Florida where the coastal beaches are not yet used by large numbers of swimmers and other recreational users, vehicular traffic must be prohibited because of its highly damaging impact on the natural environment including the habitats of animal and plant life. Such a policy of absolute prohibition is so obviously the only acceptable policy that I find anything less to be patently unconstitutional.