Ms. Margaret T. Brewer City Attorney City of New Smyrna Beach 210 Sams Avenue New Smyrna Beach, Florida 32069-9985 Attention: Mr. Paul H. Chipok Assistant City Attorney
Dear Ms. Brewer:
This is in response to your request for an opinion on substantially the following questions:
 (1) IS VEHICULAR TRAFFIC ON THE BEACH A "SPECIAL CONDITION" SUCH THAT A MUNICIPALITY MAY ADOPT AND ENFORCE EXPERIMENTAL REGULATIONS PERTAINING TO THE SAFETY EQUIPMENT REQUIREMENTS FOR A FOUR-WHEELED STRADDLE-MOUNT ALL TERRAIN VEHICLE ("ATV") INVOLVED IN BEACH ROAD USAGE WITHIN THE LIMITS OF SUCH MUNICIPALITY?
 (2) HOW IS A FOUR-WHEELED STRADDLE-MOUNT ALL TERRAIN VEHICLE ("ATV") TO BE CLASSIFIED FOR PURPOSES OF CH. 316, F.S., AS A MOTORCYCLE OR AS A MOTOR VEHICLE?
 (3) IS A FOUR-WHEELED "ATV" REQUIRED TO HAVE A WINDSHIELD AND IS IT SUBJECT TO OTHER SAFETY REQUIREMENTS THAT ARE IMPOSED UPON MOTOR VEHICLES?
 (4) ARE RIDERS (DRIVERS) OF SUCH AN "ATV" OR OF A MOTORCYCLE REQUIRED TO WEAR HELMETS AND EYE PROTECTIVE DEVICES WHILE USING SUCH VEHICLES ON A BEACH ROAD?
QUESTION ONE
Your first question asks if vehicular traffic on the beach is a "special condition" within the meaning of s. 316.008(1)(t), F.S., such that a municipality may adopt and enforce experimental regulations pertaining to the safety equipment requirements for the above-described "ATV," when such a vehicle is used on an Atlantic beach road within the limits of such municipality.
Chapter 316, F.S., is the "Florida Uniform Traffic Control Law." See, s. 316.001. Section 316.007, F.S., expressly states:
 The provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized. However, this section shall not prevent any local authority from enacting an ordinance when such enactment is necessary to vest jurisdiction of violation of this chapter in the local court. (e.s.)
See also, s. 316.002, F.S., providing:
 It is the legislative intent in the adoption of this chapter to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities. The Legislature recognizes that there are conditions which require municipalities to pass certain other traffic ordinances in regulation of municipal traffic that are not required to regulate the movement of traffic outside of such municipalities. Section 316.008
enumerates the area within which municipalities may control certain traffic movement or parking in their respective jurisdictions. This section shall be supplemental to the other laws or ordinances of this chapter and not in conflict therewith. It is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter. (e.s.)
In such a manner, Ch. 316 establishes uniform standards for vehicular traffic on the roads of this state. See, AGO's 84-46; 84-1; 80-80; 77-84, p. 180; 76-19 (Ch. 316 enforceable wherever the public has the right to travel by motor vehicle). Sherman v. Reserve Insurance Company, 350 So.2d 349 (4th D.C.A. Fla., 1977). The Atlantic beach road in question is open to public vehicular traffic, and thus Ch. 316's provisions apply there.
Section 316.008(1)(t), F.S., which is alluded to in your inquiry, does not furnish a municipality with authority to enact any ordinance in conflict with the safety requirements imposed by Ch. 316 on the above-described "ATV's." That statute provides in pertinent part:
Powers of local authorities. —
 (1) The provisions of this chapter shall not be deemed to prevent local authorities, with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power, from:
* * *
 (t) Adopting and enforcing such temporary or experimental regulations as may be necessary to cover emergencies or special conditions. (e.s.)
Section 316.007, F.S., provides that municipal authority to enact ordinances on matters covered by Ch. 316 must be granted by express statutory authority; s. 316.002, F.S., specifies that s.316.008's enumeration pertains to municipal control of traffic "movement or parking." (e.s.) None of the subjects enumerated in s. 316.008, F.S., including paragraph (1)(t), appear to relate to municipal regulation of safety equipment required on motor vehicles used on a beach road. The rule of expressio unius est exclusio ulterius applies in this instance, to the effect that the express enumeration of municipal powers to regulate traffic (within the context of otherwise uniform standards of Ch. 316) reflects a legislative plan that no other exceptions were intended. Thayer v. State, 335 So.2d 815, 817 (Fla. 1976). And see, AGO 80-80; Inf.Op. to Charles R. Sessions, City of Flagler Beach, dated June 20, 1984, noting that since s. 316.008, F.S., lists exceptions to the general rule of preemption expressed in s.316.007, F.S. ("no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized"), the terms of any such exception must be strictly construed, citing State v. Nourse, 340 So.2d 966 (3 D.C.A.Fla., 1976). See also, State Road Department v. Levato, 192 So.2d 35 (4 D.C.A.Fla., 1966), cert. discharged, 199 So.2d 714 (Fla. 1967) (holding that express exceptions made in a statute give rise to a strong inference that no other exceptions are intended, and exceptions will not be implied where words of the statute are free from ambiguity). Therefore, it is my opinion that s.316.008(1)(t), F.S., does not authorize a municipality to adopt and enforce regulations pertaining to the safety equipment requirements for the above-described "ATV" when it is used on an Atlantic beach road within the limits of said municipality.
Moreover, s. 161.58, F.S., which is alluded to in your inquiry does not grant a municipality authority to enact such ordinances but rather, merely the power to authorize and impose a fee on, vehicular traffic on beach roads under its jurisdiction. City of Daytona Beach Shores v. State, 483 So.2d 405 (Fla. 1985).
QUESTION TWO
Your second question asks whether a four-wheeled "ATV" is classified by law and regulated as a motorcycle or a motor vehicle for purposes of Ch. 316, F.S. Your letter of inquiry states that it is the position[1] of the Department of Highway Safety and Motor Vehicles that any four-wheeled vehicle is classified as a regular "motor vehicle," and thus, without regard to engine size or seating arrangement, that a four-wheeled "ATV" [four-wheeled straddle-mount all terrain vehicle] must meet all safety requirements imposed on "motor vehicles" pursuant to Ch. 316, F.S.
For the following reasons, it is my opinion that any four-wheeled "ATV" is to be considered a "motor vehicle" for purposes of Ch.316, F.S. Subsection (76) of s. 316.003, F.S., defines "vehicle" as:
 Every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
Section 316.003(21) provides that, for purposes of Ch. 316, the phrase "motor vehicle" means:
 Any vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails, but not including any bicycle or moped as defined in subsection (2). (e.s.)
A four-wheeled "ATV" does not fit within the definition of bicycle or moped supplied by s. 316.003(2):
 BICYCLE. — Every vehicle propelled solely by human power, or any moped propelled by a pedal-activated helper motor with a manufacturer's certified maximum rating of 1 1/2 brake horsepower, upon which any person may ride, having two tandem wheels, and including any device generally recognized as a bicycle though equipped with two front or two rear wheels.
 The term does not include such a vehicle with a seat height of no more than 25 inches from the ground when the seat is adjusted to its highest position or a scooter or similar device. (e.s.)
Neither does a four-wheeled "ATV" fit within the definition of "motorcycle" contained in subsection (22) of s. 316.003:
 Any motor vehicle powered by a motor with a displacement of more than 50 cubic centimeters, having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor. (e.s.)
Contrast also, subsection (12) of the same statute, defining "farm tractor." Moreover, my research did not reveal any other definition or provision of Ch. 316 which gives a four-wheeled "ATV" special consideration.
In view of the above definitions and the express terms of subsection (21) of s. 316.003, it is apparent that a four-wheeled "ATV" is to be considered a "motor vehicle" for purposes of Ch. 316. Special designation of "ATV's" for safety regulation within the scope of Ch. 316 is a matter for the Legislature; it is not within the power of this office to create special statutory exemptions or confer special treatment on a single subcategory of motor vehicles.
QUESTION THREE
Your third question asks if a four-wheeled "ATV" is required to have a windshield, and if it is subject to other safety requirements imposed upon other motor vehicles.
My response to Question Two concluded that a four-wheeled "ATV" is to be classified as a motor vehicle for purposes of Ch. 316. See also, s. 316.072(1), F.S., providing that the provisions of Ch. 316 shall apply to the operation of vehicles and bicycles and the movement of pedestrians upon all state-maintained highways, county-maintained highways, and municipal streets and alleys and wherever vehicles have the right to travel. As such, they are subject to the windshield requirement of s. 316.2952(1), F.S., and any other safety requirements imposed by that chapter on "motor vehicles," except as expressly exempted therefrom. See also, s.316.215, F.S. Section 316.2952(1) expressly provides:
 A windshield in a fixed and upright position, which windshield is equipped with safety glazing as required by federal safety-glazing material standards, is required on every motor vehicle which is operated on the public highways, roads, and streets, except on a motorcycle or implement of husbandry. (e.s.)
See also, subsection (3) (windshield wipers); s. 316.2951(1) (defining "motor vehicle") and (7) (defining "windshield"). No provision of s. 316.2951-316.2957 exempts any "ATV" from the requirements of s. 316.2952(1) and (3) or from the definition of "motor vehicle" contained in s. 316.2951(1). In view of the express requirements of s. 316.2952(1), that every motor vehicle which is operated on public highways of this state be equipped with a windshield and since "ATV's" are not exempted therefrom, it is my opinion that an "ATV" must be equipped with a windshield as described by s. 316.2952(1), F.S., when so operated on the roads of this state.
QUESTION FOUR
Your fourth question asks if riders of such four-wheeled "ATV's," or of a motorcycle are required to wear helmets and eye protective devices while using such vehicles on the beach.
As noted in the response to Question One, the safety requirements of Ch. 316 apply to all roads on which the public has a right to travel, including a roadway located on the Atlantic beach within the municipal limits of New Smyrna Beach. Since, as noted in the response to Question Two, a four-wheeled "ATV" is a "motor vehicle" for Ch. 316 purposes, and not a motorcycle, the riders or drivers of such an "ATV" are not required to adhere to the safety equipment requirements imposed on motorcyclists by Ch. 316, such as that contained in s. 316.211, F.S. That section requires motorcycle riders to wear protective headgear, and an eye protective device over his or her eyes when operating a motorcycle. The Department of Highway Safety and Motor Vehicles establishes standards for, or publishes lists of, such equipment. See, s. 316.211(1), (2), and (4), F.S.
In summary, it is my opinion until legislatively determined otherwise that:
 (1) Chapter 316, F.S., imposes uniform safety standards for motor vehicles used on the public roads of this state; s. 316.008(1)(t), F.S., does not authorize a municipality to adopt and enforce regulations pertaining to the safety equipment requirements for a four-wheeled "ATV," when it is used on an Atlantic beach road which is open to the public for vehicular traffic and within the limits of said municipality.
 (2) A four-wheeled straddle-mount all terrain vehicle ("ATV") is classified for purposes of Ch. 316, F.S., as a motor vehicle.
 (3) A four-wheeled "ATV" which is operated on the roads of this state is subject to the safety requirements imposed on motor vehicles by Ch. 316, F.S., including the windshield requirement.
 (4) Motorcyclists, and not riders and drivers of a four-wheeled "ATV," are subject to the helmet and eye protective device requirement of s. 316.211, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] I am informed by counsel for the Department of Highway Safety and Motor Vehicles that such vehicles are deemed by that agency to be motor vehicles for Ch. 316 purposes.