PER CURIAM.
We reverse the trial court’s order granting a mandatory temporary injunction. The record is devoid of any indication that Breakstone Beach Properties is likely to succeed on its claim to a right of direct access, by a pedestrian gate, from the north border of its housing development site to the defen *881 dant Town of Golden Beach’s adjacent public park. See State, Dept. of Transp. v. Kountry Kitchen of Key Largo, 645 So.2d 1086 (Fla. 3d DCA 1994).[1] Breakstone’s easement to use and improve the road straddling the northern boundary of its property and southern border of the town is silent as to permanent access to the adjacent park. The record thus does not provide a legal basis for the right of convenient access claimed by Breakstone.[2]
Reversed.

. Compare Bowling v. National Convoy & Trucking, 101 Fla. 634, 639, 135 So. 541, 544 (1931) (where a defendant has "suddenly and secretly" altered "the last actual, peaceable, noncontested condition which preceded the pending controversy, ... the court may not only restrain further action by the defendant, but may also, by preliminary mandatory injunction, compel defendant to restore the subject-matter of the suit to its former condition, and in so doing the court acts without any regard to the ultimate merits of the controversy.”) (quoting 1 High on Injunctions 9).

. The Town of Golden Beach may limit pedestrian access to a single gate in the interest of security, ecology, or other legitimate public welfare objects of municipal police power. See City of Daytona Beach Shores v. State, 483 So.2d 405 (Fla.1985).